14,800.

## SCHLOTTER *v.* THE STATE, EX REL. CROY.

CONTINUANCE.—*Application for  Unsupported by Affidavit.—Disregarding of.*— An application for a postponement of a trial on account of the absence of a witness, which is unsupported by the affidavit required by section 410, R. S. 1881, may be properly disregarded.

NEW TRIAL.—*Refusal of Application for  Continuance.*—The refusal of an

application for a continuance on the ground of the absence of a witness is not cause for a new trial where the facts expected to be proved by the absent witness were proved by another witness as fully as it was possible to prove them.

ARGUMENT OF COUNSEL.—*Misconduct.*—Where the prosecuting attorney, in argument, spoke of a witness for the defendant as "this scoundrel who has served a term in the penitentiary," there being no evidence to support the charge, he was guilty of misconduct, and the refusal of the court, upon objection made, to attempt to correct it, was reversible error.

From the Noble Circuit Court.

*H. G. Zimmerman* and *F. M. Prickett,* for appellant.
*N. Prentiss* and *H. C. Peterson,* for appellee.

COFFEY, J.—This was a prosecution for bastardy. A trial of the cause in the circuit court by jury resulted in a verdict for the appellee, upon which the court, over a motion for a new trial, rendered judgment.

The assignment of error calls in question the correctness of the ruling of the circuit court in overruling the motion for a new trial.

It appears by a proper bill of exceptions that when this cause was called the appellant announced his willingness to enter upon the trial of the same. After the jury had been sworn to try the cause the appellant ascertained that one of his witnesses was not present, and, orally, announced that fact to the court, and asked that the cause be postponed in order to enable him to procure the testimony of such witness, but upon an objection made by the prosecuting attorney, the court announced that a postponement would not be granted, and thereupon stated that an attachment would be awarded that the witness might be brought into court before the close of the trial. An attachment for the witness was issued, which was returned before the evidence in the cause was closed.

It appeared by the return of the officer who served the writ of attachment that the witness was sick and unable to attend the court. Appellant did not renew his motion to

Schlotter *v*. The State, *ex rel.* Croy.

postpone the trial, nor was any affidavit, at any time, filed by the appellant, or by any one on his behalf, showing cause for the continuance or postponement of the trial.

Section 410, R. S. 1881, provides that a motion to postpone the trial on account of the absence of evidence can be made only upon affidavit. If the motion is made on account of an absent witness, the affidavit must show what facts the affiant believes the witness will prove, and that he is unable to prove such facts by any other witness whose testimony can be as readily procured.

The application made by the appellant to postpone the trial, prior to the time the attachment for the witness was issued, was properly disregarded by the court, as it was not supported by affidavit. After the return of the verdict in the cause the appellant, with his motion for a new trial, filed an affidavit in which is set out the facts he expected to prove by the absent witness. It appears by the bill of exceptions on file containing the evidence in the cause, that the appellant had another witness by whom he did prove the facts he expected to prove by the absent witness as fully as it was possible to prove them. We are not advised as to the ground upon which the court announced that the trial would not be postponed on account of the absence of this witness, but we must presume in favor of its ruling. If it was upon the ground that there was a witness present by whom the same facts could be proven, then the ruling was undoubtedly correct.

As the appellant knew of the absence of his witness at the time of the commencement of the trial, and made no proper application to postpone the trial on that account, we do not think he should be heard to say, after taking his chances as to the result, that he was surprised. In our opinion the court did not err in refusing to grant a new trial on the ground of surprise. *Stewart* v. *Smith*, 111 Ind. 526.

During the argument of the cause counsel for the State, who was the deputy prosecutor, in speaking of one Thomp-

son, a witness who testified on behalf of the appellant, used the following language :

" I can not express my contempt for a man twenty-nine years of age that will ask his neighbor's daughter into one of these holes and have her seduced. This contemptible puke takes her there, within a hundred rods of his wife, and gets her drunk, then says I slander him."

In speaking of the same witness counsel also used the following language : " This scoundrel who has served a term in the penitentiary."

In speaking of all the witnesses called by the appellant, counsel for State used the following language : " There was not a man on the stand that was capable of proving the character of a decent dog."

To each of the above expressions the appellant objected, on the ground that the same was improper and not within the evidence, and asked that the counsel be by the court corrected, the remarks stricken out, and that the counsel be ordered to desist from pursuing such remarks, but the court declined to interfere, and the appellant excepted.

In view of the facts developed by the testimony of the relatrix in this case, it would be difficult to restrain counsel in the matter of denouncing the conduct of the appellant and the witness Thompson. We would not reverse this cause on account of the use of any language merely denunciatory of their conduct, but the charge that Thompson had served a term in the penitentiary was something more than mere denunciation ; it was a charge, in no wise connected with his conduct relating to the cause on trial, which may have seriously affected his credibility as a witness in the cause. It is not necessary that we should inquire as to whether proof of the fact that he had served a term in the penitentiary would have been admissible, as affecting his credibility, as no question of the kind is presented by the record. It is sufficient to say that the charge was made by counsel without any proof to support it, and when the objection was made it was error

for the court to refuse the correction asked.  *Rudolph* v. *Landwerlen*, 92 Ind. 34; *School Town of Rochester* v. *Shaw*, 100 Ind. 268 ; *Bessette* v. *State*, 101 Ind. 85 ; *Brow* v. *State*, 103 Ind. 133 ; *Campbell* v. *Maher*, 105 Ind. 383 ; *Nelson* v. *Welch*, 115 Ind. 270 ; *Troyer* v. *State, ex rel.*, 115 Ind. 331. There was no attempt made by the court to correct or remedy this misconduct of counsel at the time objection was made, nor was any such attempt made in the instructions subse-·quently given.

For this error the judgment must be reversed.

Judgment reversed, with directions to the circuit court to grant a new trial.

McBRIDE, J., took no part in the decision of this cause. Filed March 31, 1891.