Magnuson *v.* The State *ex rel.* Jarrett.

Judgment affirmed.

Filed October 10, 1895.

No. 1,803.

## Magnuson *v.* The State ex rel. Jarrett.

Appellate Court Practice.—*Weight of Evidence.—Preponderance. —Credibility of Witnesses.*—The appellate court cannot weigh the evidence; neither will it pass upon the credibility of the testimony of witnesses, nor determine where the preponderance lies.

Same.—*Cause Fairly Tried and Determined.—Statute Construed.— Reversal of Judgment.*—The statute providing that a cause shall not be reversed when it shall appear that the merits of the case have been fairly tried and determined, should never be used for the purpose of upholding a judgment which from the record appears to rest upon an unjust and uncertain basis.

Argument to Jury.—*Evidence.—Harmless Error.*—The refusal of the court to allow counsel to discuss before the jury all the evidence given in the cause is reversible error, unless from all the circumstances the action of the court was harmless.

Misconduct of Counsel.—*Argument to Jury.—Duty of Trial Judge.*—It is the duty of the trial judge to see that counsel, in argument, do not go outside the evidence and record in the case; and if counsel make statements outside the record, which there is no evidence to support, the court should, on objection from the opposing side, at once require a retraction of the statement, and, if necessary, should instruct the jury to disregard such statement.

Same.—*Argument to Jury.—Prosecuting Attorney.*—The statement of the prosecuting attorney in an action for bastardy, that defendant "was a loose-footed fellow, and hasn't a foot of land in this county, and hasn't any habitation," in the absence of any evidence to support it, and in the absence of any action by the trial judge to counteract its effect, must be regarded as prejudicial error, especially where the court permits such statement to be reiterated.

From the Noble Circuit Court.

*L. W. Welker,* for appellant.

*T. M. Eells* and *H. C. Peterson,* for appellee.

Ross, J.—This was a prosecution for bastardy. Upon a trial appellant was adjudged to be the father of relatrix's child, and a judgment in the sum of two hundred and fifty dollars for its maintenance rendered against him.

The only specification of error discussed, of those assigned, calls in question the correctness of the court's ruling in overruling appellant's motion for a new trial.

The learned counsel for appellant very earnestly insists that the verdict of the jury is not sustained by sufficient evidence, and in support of this contention points out several apparent inconsistencies in the evidence of the relatrix upon questions which are material to a recovery, and without which no recovery could have been had in this case, and on account of such apparent contradictions asks this court to disregard her testimony entirely. In other words we are asked to weigh the evidence and determine not only upon which side there is a preponderance, but also to determine the credibility to be attached to the testimony of the witnesses. This we cannot do. The rule is so firmly settled that this court cannot weigh the evidence, that we cannot conceive what more can be added to make it better understood.

This court, it should be borne in mind, has nothing before it but the record, where all of the evidence comes upon the same footing, and the words of one witness mean just as much as the same words of another witness; when, perhaps, if the witnesses were seen while they testified, their manner noted, their voices heard,

and the manner and demeanor while testifying observed, one might be believed and the other wholly disbelieved. It is for this reason, if no other, that this court has announced and adhered to the rule that when the jury hearing the evidence have determined the truth of the controversy and the trial court has given their verdict his approval, the judgment will not be reversed if there is any evidence to support the verdict.

It is next urged that the court erred in refusing to permit counsel for appellant, when making his argument to the jury, to read to them and discuss a part of the examination of the relatrix taken on the original hearing before the justice of the peace, and introduced on the trial in the circuit court.

Ordinarily it is the privilege of counsel to discuss before the jury all of the evidence introduced on the trial, and if the court interfere with such right or privilege it is such a denial of justice as will warrant a reversal of a judgment rendered against the party whose rights have been thus abridged. In this instance, in view of the evidence in the case and the statement of counsel for appellee made on the trial, disclaiming any proof on the subject to which the question and answer related, and which was an immaterial question, the refusal of the court to permit the reading and discussing of the question and answer referred to was harmless.

The last question discussed relates to the misconduct of counsel for appellee in his closing argument to the jury.

It appears that counsel, in his closing argument, in speaking of the appellant, said that he "was a loose-footed fellow, and hasn't a foot of land in this county, and hasn't any habitation." To this statement of counsel, the appellant's counsel objected and requested the court to instruct appellee's "counsel to desist from

further statements of a like character," but the court refused to so admonish counsel, and appellant excepted to the ruling.    The court then stated to counsel that he did not understand that there "was any evidence of the habitation or that he was loose-footed," and then said to the jury : "It will be for you, gentlemen of the jury, to determine whether the character of the witness is bad.    Mr. Peterson insists, upon his part, that there is such evidence, but Mr. Welker insists that there is no evidence upon that question.    The jury must determine that question for itself."    To these statements of the court the appellant also objected and excepted.    Counsel for appellee then continued his argument, and was again permitted by the court to re-iterate what he had previously stated to the jury as above set out.

It is the duty of the trial judge to see that counsel in argument do not go outside the evidence and record in the case.    And if counsel make statements outside the record which there is no evidence to support, on objection from the opposing side the court should at once require a retraction of the statement, and if necessary should instruct the jury to disregard such statement. It is not for the jury to determine what evidence is before them, that is for the court, the duty of the jury being to determine from the evidence what facts have been proven.

The original statement of counsel, to which appellant took exception, if corrected by the statement of the court that he did not understand that there was any evidence of appellant's habitation, or that he was loose-footed, the error in permitting counsel to reiterate such statement, was not corrected by any statement of the court.    By the permission thus granted by the court, counsel impressed upon the jury the importance of the fact that appellant had no permanent abode and was

loose-footed, and for that reason his testimony was not to be relied upon and the possibility of his being guilty of the charge preferred against him more probable. If there was no evidence warranting such a statement by counsel, and the statement can be considered harmful, the court should not have permitted it to be made, much less after appellant's objection, should the court have permitted counsel to reiterate it. While it is very uncertain that the language used by the prosecuting attorney in itself would have been prejudicial, taken in connection with the statement of the court which was more objectionable than that of counsel, it is evident the jury must have been prejudiced thereby.

Counsel for appellee call attention to section 658, R. S. 1881, which provides that a cause shall not be reversed in whole or in part, when it shall appear that the merits of the case have been fairly tried and determined in the court below, and insist that the judgment be affirmed. This section of the statute can be made the bulwark behind which the appellate court can often seek shelter to uphold a judgment which on its face and from the record appears just and right, but it should never be used for that purpose to uphold a judgment which, from the record, appears to rest upon an unjust or uncertain basis. If this court could say that the jury trying this cause was not influenced by the statement of counsel and the action of the court, we should not hesitate to affirm the judgment, but knowing as we do that juries are very often influenced by very trivial matters, we are constrained to give the appellant the benefit of the doubt.

The question of misconduct of counsel in the argument of a cause was carefully examined and fully considered in an opinion by Reinhard, C. J., in the case of *Indian-*

*apolis Journal Newspaper Co.* v. *Pugh*, 6 Ind. App. 510.

Judgment reversed with instructions to sustain appellant's motion for a new trial.

Filed October 11, 1895.