## Chicago, Indianapolis and Louisville Railway Company v. Martin.

[No. 3,586.    Filed March 11, 1902.]

TRIAL.—*Misconduct of Counsel.*—It was error to permit counsel, over proper objections, in the trial of an action against a railroad company for damages for carrying plaintiff beyond his destination, to state in argument to the jury that the Supreme Court had held in similar cases that verdicts for damages in excess of amount demanded in case on trial were not excessive. *pp. 471–473.*

SAME.—*Misconduct of Counsel.—Instruction.*—An instruction in the trial of an action against a railroad company for damages to the effect that some controversy had arisen between counsel in argument as to the right of counsel for plaintiff to refer in his argument to cases of similar character reported by courts of last resort, and that the court by overruling the objections did not mean that the jury should understand that the statements were to be taken as the law, did not cure the error of the court in permitting attorney for plaintiff to refer in his argument to the jury to cases in the Supreme Court wherein judgments for larger amounts than asked by plaintiff had been held not to be excessive. *pp. 473, 474.*

NEW TRIAL.—*Motions.—When Verdict Returned on Last Day of Term.* —The statute requiring a motion for a new trial to be presented on the first day of the succeeding term of court when the verdict

is returned on the last day of a term of court is not complied with by the mere filing of the motion with the clerk, but the statute is complied with where the motion is filed on the first day of the term, and, by the court, on that day, set for argument the next day. *p. 474.*

From Orange Circuit Court; *D. M. Alspaugh,* Judge.

Action by Byron E. Martin against the Chicago, Indianapolis and Louisville Railway Company for damages. From a judgment for plaintiff, defendant appeals. *Reversed.*

*E. C. Field, W. S. Kinnan* and *W. Farrell,* for appellant. *H. Morris* and *M. B. Hottel,* for appellee.

Comstock, C. J.—Appellee was plaintiff below. The complaint is in two paragraphs. They do not materially differ. It is alleged in the first that appellant posted notices in Pekin that on October 20, 1899, it would stop all trains at Pekin; that on said day appellee purchased a ticket from Pekin to Louisville and return; that on the evening of the said day, when appellee was returning from Louisville to Pekin, the conductor refused to stop the train at Pekin, and carried appellee on to Salem, a distance of fifteen miles; that appellee was compelled to pay the additional fare from Pekin to Salem, was compelled to remain over night at Salem, pay his hotel bill, pay his fare back to Pekin, and could not return to Pekin until the next morning; whereby he was damaged in the sum of $500. The answer was a general denial. The trial resulted in a verdict and judgment in favor of appellee for $500. With the verdict the jury returned answers to two interrogatories, viz: "First: If you find for the plaintiff, do you assess any amount as exemplary damages? Answer. Yes. Second. If you answer the above question in the affirmative, how much do you allow the plaintiff for exemplary damages? Answer. $498, $2 cash, etc., $500."

Overruling appellant's motion for a new trial is the only error assigned. The reasons set out in the motion and dis-

cussed, are: (1) The damages assessed are excessive; (2) the verdict is not sustained by sufficient evidence, (9) and (11) misconduct of appellee's counsel.

The appellee narrated the transaction, substantially as follows: "I lived on a farm near Pekin, Washington county, Indiana. I purchased a ticket from Pekin to Louisville and return. The agent at Pekin told me that train No. 4 would stop at Pekin that night. I went to Louisville on the morning of the 20th and returned on train No. 4 the same evening. Train No. 4 was the passenger train which passed Pekin some time after nine o'clock at night. The conductor came to me and took my ticket and looked at it and handed it back and said 'this train does not stop at Pekin.' I told him that the agent at Pekin told me that it would stop. I told him that it stopped on the 18th. He said that it did not do any such thing, for that train never stopped there only on special occasions, and when they had orders to stop. He said again, 'This train does not stop and you will have to pay your fare on to Salem or I will have to put you off.' He gave me the ticket back, and went on through about three or four coaches, and came back and said, 'Let me see that ticket,' and he said again, 'You will have to pay your fare on to Salem.' I had some bundles on the seat by me on the end next the window, and he reached over for them, and I told him that they were my bundles and to leave them alone. I loosened his hold on them, and in the struggle he tore the paper off the bundles, and he reached for my hat in a way that he seemed to be angry, and in taking my hat he hit me on the head. When he got my hat I did not know the man's ways, but had reason to believe that he was angry. He reached to get my hat, and when he got it he went on in the coach five or six seats and returned with it, and I gave him fifty cents, and he said that was what he wanted, and he gave me back my hat. He gave me back five cents change and a receipt for ten cents rebate. I stayed all night at Salem, and returned to Pekin the next morning on the

accommodation train. My fare from Salem to Pekin was forty-five cents. I rode on horseback to Pekin that morning. My conversation with the conductor lasted about five or ten minutes. The coach was about half full or more. There were ladies in the coach. I got home at eleven the next morning. I saw notices in the ticket office, post-office, and store with reference to No. 4 stopping. I do not remember just how much I paid for my night's lodging in Salem. At that time I was working on my father's farm. I was twenty-one about a week before this suit began. My labor was worth about $15 per month. I lost only a few hours work. I was out my fare from Pekin to Salem, Salem to Pekin, a few hours labor, my night's lodging, and that was all."

The record discloses that during the trial one of the plaintiff's attorneys while addressing the jury, and before the defendant could interpose an objection thereto, and at the same time pointing to an open volume of the Indiana Supreme Court reports lying on the table which had been occupied by plaintiff's counsel during the trial, used the following language, to wit: "The books are full of such cases. It is your duty to compensate the plaintiff for the injury sustained, and to inflict punishment on the defendant for its disregard of public duty, and to assess smart money as damages. In that book lying upon that table is a case reported where the facts were very similar to the facts in this case, and in which the jury assessed damages to the amount of $4,800, and in another case $4,500, which sums were held by the Supreme Court not to be excessive." That the defendant immediately after said attorney had completed the utterance of the above language excepted to the same and asked the court to instruct the jury that they were not to consider the same or give any weight to it, and were to consider it stricken out of the remarks of the said attorney, but the court refused to so instruct the jury, and refused in any way to instruct the jury concerning the same, to which re-

fusal and ruling of the court the defendant then and there excepted.

During the trial of the above cause one of the counsel for the plaintiff, while addressing the jury in the closing argument of said cause, and before the defendant could interpose an objection, used the following language, to wit: "You need not fear to return a verdict for the full amount of the plaintiff's demand in his complaint. In similar cases verdicts for $3,800, $4,500 and for $1,000 have been sustained by the Supreme Court." The defendant immediately after the said attorney had completed the utterance of the above language excepted to the same, and asked the court to instruct the jury that they were not to consider the same nor to give it any weight and were to consider it stricken out of the remarks of the said attorney, but the court refused so to instruct the jury, or in any way, at that time, to instruct them concerning the same, the court at the same time saying that when he came to give his instructions to the jury he would give an instruction on that subject.

Reasonable freedom of debate and illustration should be allowed counsel in argument, yet the argument should be confined in essential matters to the record and the evidence. It is clearly error to permit counsel over proper objection and exception to comment upon facts pertinent to the issue but not in evidence. "So it is improper for counsel to refer to facts not pertinent to the issue, but calculated to prejudice the cause to the injury of the opposite party." 2 Elliotts Gen. Prac., §693, and authorities cited.

If in the course of the argument of a cause an improper and injurious statement is made the court should give the jury to understand that such statement should be wholly disregarded. *Nelson* v. *Welch*, 115 Ind. 270; *Troyer* v. *State ex rel.*, 115 Ind. 331; *Lewis* v. *State*, 137 Ind. 344; *Magnuson* v. *State ex rel.*, 13 Ind. App. 303; *Campbell* v. *Maher*, 105 Ind. 383; *Indianapolis Journal Co.* v. *Pugh*, 6 Ind. App. 510; *Mainard* v. *Reider*, 2 Ind. App. 115; *Ru-*

*dolph* v. *Landwerlin*, 92 Ind. 34. When a person is guilty of misconduct, the burden is upon him to show that the contending party was not injured. *Nelson* v. *Welch, supra; Troyer* v. *State, supra.*

The statements to which appellant objected were entirely out of the record. The amount of damages assessed in other cases were wholly inadmissible, and were well calculated to affect injuriously the interest of appellant. The result was made the more probable by the action of the court in overruling the objection of appellant's counsel; a ruling which might reasonably be construed as sanctioning the statements to which objection was made. *Indianapolis Journal Co.* v. *Pugh*, 6 Ind. App. 510. As relative to the question involved, we cite the following additional Indiana cases: *Porter* v. *Choen*, 60 Ind. 338; *Johnson* v. *Culver*, 116 Ind. 278; *Scott* v. *Scott*, 124 Ind. 66; *Baldwin* v. *Bricker*, 86 Ind. 221; *Magnuson* v. *State ex rel.*, 13 Ind. App. 303; *Shorb* v. *Kinzie*, 100 Ind. 429; *Schlotter* v. *State ex rel.*, 127 Ind. 493. See, also, Elliotts App. Proc. 493, 672.

The defendant excepted to the following instruction, and made the overruling of the same a reason for a new trial. 1. "The court instructs the jury that they are the exclusive judges of the facts in the case, but the law of the case you must take from the court, and be governed by the law as given to you by the court. Some controversy has arisen between counsel in the argument in this case as to the right of counsel to refer in argument to cases of this character reported by courts of last resort; one side claiming the right to do so, and the other objecting. The court overruled these objections, but it did not mean by this ruling that you should understand that the statements are to be taken as the law of the case." In this the court's calling the attention of the jury to the fact that appellant's objection to references to the amount of damages assessed in other cases had been overruled did not tend to correct the original error.

Appellant filed the motion for a new trial on July 2, 1900, the same being the first day of the July term of the Orange Circuit Court. The verdict was returned on the last day of the preceding (April) term of said court. It is contended by counsel for appellee that, while the motion for a new trial was filed in time, it does not appear that it was filed and presented on the 2nd day of July, and that, as the motion should not only have been filed, but presented, on the first day of the July term, it was properly overruled.

Counsel correctly state the law. The mere filing of the motion with the clerk is not sufficient. But it appears from the record that the motion was filed on the 2nd day of July, 1900, and on the same day set for argument of counsel on July 3, 1900. The fact that the time for argument was fixed by the court is conclusive evidence that the court's attention was called to the motion.

Counsel for appellee claim that the grounds of the objection to statements of counsel excepted to should have been stated to the court. Counsel for appellee sought to place before the jury the amount of damages assessed in other cases. This was so clearly improper as to dispense with any reason for the objection. Appellant asked that the jury be instructed to disregard these improper statements. We know of no rule requiring a reason to be given for any instruction to a jury.

It is also claimed that the motion for a new trial does not properly present the question of the misconduct of counsel, because there is an attempt to combine two statutory reasons as one reason. In this view we can not concur. The error complained of was the refusal of the court to instruct the jury to disregard the improper statements of counsel. Such statements, objections, and requests that the court instruct the jury to disregard them were necessary to a clear presentation of the question.

In their brief counsel for appellee have cited various de-

cisions, but they are not in conflict with the cases cited in this opinion. It is not necessary to consider the other reasons of the motion for a new trial.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.