ADLER v. STATE OF INDIANA.

[No. 30,020. Filed June 16, 1961.]

---

*Allen E. Goltra* and *Goltra & Kershaw,* of Columbus, for appellant.

*Edwin K. Steers,* Attorney General, *Richard M. Givan,* Assistant Attorney General and *Richard C. Johnson,* Deputy Attorney General, for appellee.

LANDIS, C. J.—Appellant was charged by affidavit with the offense of drawing and threatening to use a dangerous and deadly weapon, to-wit: a butcher knife, and was convicted after a trial by jury. He was fined in the sum of $280.00 and sentenced to the county jail for a period of 60 days.

A brief resume of the evidence necessary for our consideration of this appeal discloses that the prosecuting witness and another youth, who were approximately 17 and 19 years of age, occupied a two room apartment together in Columbus, Indiana. That six other boys including appellant came to their apartment on the evening in question to play cards, consisting of 5 and 10 cent poker. That some rowdyism was exhibited by the boys in the course of the evening, with some of the boys helping themselves to food in the ice box without permission and one of the boys getting into a judo bout with another. The appellant according to the evidence procured a butcher knife which he held toward the prosecuting witness's chest, stating: "You take another step and I'll slash you." And when the prosecuting witness attempted to leave the apartment, appellant with knife in hand stated: "You're not going out that door."

The error assigned on this appeal is the overruling of appellant's motion for new trial, appellant relying principally on the specification of misconduct on the part of the deputy prosecuting attorney in making prejudicial comments to the jury during the final argument as follows, viz:

> "This boy [appellant] has an organized gang like the ones in New York that attack people and two of them have already been sent to the reformatory."

The record shows that appellant objected for the reason there was no evidence whatever of an organized gang and that he moved the court to instruct the jury to disregard the said statement of the deputy prosecutor but such motion and instruction were refused by the court.

It is well settled that it is improper for counsel in argument to comment on matters not in evidence, and it is the duty of the trial court to see that they refrain from doing so. On proper objection from the defendant the court must at once require a retraction of any improper statement, or if necessary to insure that the defendant receive a fair trial, instruct the jury to disregard the statement. See: *Magnuson* v. *The State ex rel. Jarrett* (1895), 13 Ind. App. 303, 306, 41 N. E. 545, 546; *Schlotter* v. *The State ex rel. Croy* (1891), 127 Ind. 493, 496, 27 N. E. 149, 150; 8 I. L. E., Matters Not in Evidence, §385, p. 440.

If the prosecutor evidences an intention to obtain a verdict by unfair means the trial court should intervene to prevent prejudice to the accused. *Sylvester* v. *State* (1933), 205 Ind. 628, 630, 187 N. E. 669, 670.

It has been stated that the prosecuting attorney has the same duty as the court to see that justice is administered in conformity with the recognized principles of law. He has a duty to present the state's strongest case, but in doing so he is not licensed to use unethical or inflammatory tactics. He must carefully avoid improprieties tending to prejudice any constitutional right of the accused. *Wasy* v. *State* (1957), 236 Ind. 215, 219, 220, 138 N. E. 2d 1, 3, 139 N. E. 2d 438; 8 I. L. E., Rights and Duties of Prosecuting Attorney, §382, p. 432.

It is not disputed by the state in the case before us that the statement by the deputy prosecutor below that appellant had "an organized gang like the ones in New York that attack people . . . " was wholly unsupported by any evidence what-

ever. It was the duty of the court when this prejudicial and inflammatory remark was called to its attention to attempt to rectify the harm done to the accused. We can only conclude that the failure to sustain appellant's objection and motion that the jury be instructed to disregard the statement was serious error of such a character that this cause must be reversed.

The state has contended this error is not properly before us because of a technical defect in the certificate to the special bill of exceptions but it is our opinion that the record brought here by appellant has substantially complied with the applicable rules of appellate procedure.

Judgment reversed with instructions to sustain appellant's motion for new trial.

Jackson, Achor, Arterburn and Bobbitt, JJ., concur.

NOTE.—Reported in 175 N. E. 2d 358.