BUEHRER *v.* INDIANA INSURANCE CO.

[No. 569A82. Filed March 26, 1970.]

*Gerald A. Kamm* and *Bruce H. Stewart, Doran, Manion, Boynton & Kamm,* South Bend, for appellant.

*Douglas D. Seely, Jr.,* and *Frederick H. Link, Jones, Obenchain, Johnson, Ford & Pankow,* South Bend, for appellee.

CARSON, J.—This is an action filed by the appellant, plaintiff below, against the appellee, defendant below, to recover under a contract of insurance issued by the defendant to the plaintiff.

The issues were formed on the plaintiff's complaint wherein she sued to recover from defendant Indiana Insurance Company under a policy which afforded protection in the event plaintiff was injured in an automobile accident involving a hit-and-run vehicle. Plaintiff's complaint alleged that she was driving her automobile when she became involved in an accident with a vehicle driven by one Effie Ewing, and that an unidentified tractor and trailer that was passing the Ewing vehicle and coming towards the plaintiff cut sharply in between the two automobiles and that some part of the tractor-trailer struck or scraped the plaintiff's vehicle causing it to swerve across the center line and become involved in the accident with the vehicle driven by Effie Ewing. The defendant filed an answer denying physical contact between plaintiff's automobile and the unidentified tractor-trailer.

Trial was to a jury and at the conclusion of plaintiff's evidence the defendant tendered a motion for directed verdict, which motion was granted by the trial court. The plaintiff timely filed a motion for a new trial which, omitting formal parts, reads as follows:

"Georgiana L. Buehrer hereby moves the Court for a new trial herein on each of the following grounds:

"1. The verdict of the jury is contrary to law.

"2. Error of law occurring at the trial as follows: The Court erred in sustaining Defendant's Motion for a Directed Verdict made at the close of Plaintiff's evidence.

"3. Error of law occurring at the trial as follows: The Court erred in giving to the jury a peremptory instruction directing the jury to return a verdict for the Defendant.

"4. Error of law occurring at the trial as follows: The Court erred in giving the preliminary instruction to the jury over the Plaintiff's objection.

"WHEREFORE, Plaintiff prays for a new trial."

The overruling of plaintiff-appellant's motion for a new trial is the sole error assigned.

In the argument section of her brief appellant waived proposition 4. We are, therefore, only required to dispose of

propositions 1, 2 and 3. By reason of their basic similarity we can dispose of them together.

Having examined the transcript, we adopt the summary of evidence set out at pages 7-8 of appellant's brief as establishing that the uncontradicted evidence most favorable to plaintiff-appellant is as follows:

"Plaintiff, Georgiana L. Buehrer, testified that she was traveling approximately sixty-miles per hour in a southerly direction on a two-lane highway when she came over the crest of a hill and saw two vehicles approaching her. One vehicle was a large tractor and semi-trailer which was attempting to pass another vehicle in the opposite lane; the other vehicle being passed was a station wagon. She testified that she saw the truck pull to its right and that she remembered pulling to her right. She was so close to the truck that she heard the roar of its engine and then she heard another sound that she had never heard before. She stated she had difficulty in describing this sound and that her best description was that it sounded like a sizzle. After the truck passed between her vehicle and the station wagon she never saw the station wagon again. She received head injuries and remembers nothing further about the accident. She also testified that from the time she came over the crest of the hill to the time she pulled over to her right was only a matter of four seconds at the most. She also stated that the truck left the scene of the accident and she never ascertained the identity of either the operator or the owner of said vehicle.

"Stephanie Stroud testified that she was a passenger in the Plaintiff's vehicle but that she was asleep. That something woke her up and she saw the rear portion of the semi-trailer, and the collision then occurred in the middle of the road between the Plaintiff's vehicle and the vehicle which which was being passed by the tractor and semi-trailer.

"There was also evidence as to the direction that all vehicles were going and their location after impact. Also, there was a photograph of Plaintiff's vehicle."

Plaintiff-appellant argued that there were reasonable inferences to be deduced from the evidence, when viewed most favorably to the plaintiff, that would have presented a jury question on the issue of physical contact. The law is well

established that in ruling upon defendant-appellee's motion for a directed verdict it was incumbent upon the trial court to consider only evidence most favorable to plaintiff-appellant and reasonable inferences which might be drawn therefrom. *Brickman* v. *Robertson Bros. Dept. Store, etc.* (1964), 136 Ind. App. 467, 470, 202 N. E. 2d 583.

The uncontradicted evidence, as summarized above, reviewed in a light most favorable to plaintiff-appellant, reveals that plaintiff was traveling at a speed of 60 miles per hour (88 feet per second) ; that all of the action took place within a matter of not more than four seconds; that although plaintiff steered her vehicle to the right, the vehicle ended up in the center of the road, striking the Ewing automobile which was behind the tractor-trailer.

We feel that the evidence introduced by plaintiff entitles her to the quite reasonable inference that without physical contact with the tractor-trailer, and at the speed which plaintiff was traveling, plaintiff's vehicle would have been down the road beyond the point where an accident with the Ewing automobile could have occurred. Likewise, we feel that it might reasonably be inferred from plaintiff's evidence that some part of the tractor-trailer must have struck some part of plaintiff's vehicle on the left side, throwing it to the left so that it crossed the center line and struck the automobile being driven by Effie Ewing; and that there is ample evidence from which a jury might have inferred that the tractor-trailer did strike plaintiff's vehicle and that, therefore, this case should have gone to the jury.

We call attention to a leading case in Indiana decided by our Supreme Court, *Whitaker* v. *Borntrager* (1954), 233 Ind. 678, at page 684, 122 N. E. 2d 734, at page 736, in which it stated:

"Frequently, the physical facts connected with the matter under inquiry speak with more convincing verity than the statements of witnesses no matter how truthful they try to be. In discussing cross-examination in Sec. 639 of his General Practice, Judge Elliott, says:

" 'It is, therefore, of great importance to bring out the details of time, place and position, since from these may often spring inferential facts which take from the testimony every vestige of possibility. . . .' "

The above case was followed with approval in *Taylor* v. *Fitzpatrick* (1956), 235 Ind. 238, 132 N. E. 2d 919.

Attention is also directed to the case of *Vann* v. *Vernon General Ins. Co.* (1956), 126 Ind. App. 503, at page 508, 133 N. E. 2d 70, at page 72, wherein this court stated:

"One of the cherished constitutional rights of the American citizen is that of trial by jury. Our courts are charged with the duty of preserving that right. Thus it has been decreed that in a civil case where the issue rests upon inferences and deductions to be drawn from facts proved, if there be any evidence, upon the essential issues, in favor of the party against whom a directed verdict is moved, such motion will be denied."

We, therefore, hold that the trial court committed error by incorrectly granting defendant-appellee's motion for a directed verdict and that this case should be reversed and remanded with instructions to sustain appellant's motion for a new trial.

Judgment reversed with instructions. Costs assessed against appellee.

Lowdermilk, C.J., Cooper and Sullivan, JJ., concur.

NOTE.—Reported in 256 N. E. 2d 414.