JOSEPH L. HARTWELL *v.* STATE OF INDIANA.

[No. 3-1073A135. Filed December 17, 1974.]

*James P. Dunn,* of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert E. Dwyer,* Deputy Attorney General, for appellee.

HOFFMAN, C.J.—On November 13, 1972, defendant-appellant Joseph L. Hartwell was charged by affidavit with the crime of theft. See: IC 1971, 35-17-5-3, Ind. Ann. Stat. § 10-3030 (Burns Supp. 1974). Following trial before a jury, Hartwell was found guilty as charged, ordered committed to the Indiana Department of Corrections for a period of not less than one nor more than ten years, and fined in the penal sum of $2,500, plus costs. Thereafter, his motion to correct errors was overruled and this appeal was perfected.

An examination of the evidence most favorable to the State discloses that during the night of October 18, 1972, appellant-Hartwell, Terry James Durr, Larry Dean Ondersma and a man known as "Grump" broke into a mobile home located in Fort Wayne, Indiana. Several items including a chest, refrigerator, flower pot, tables, chairs, lamps and sheets and curtains were removed and taken to appellant's residence where they were distributed among the group.

On November 3, 1972, two detectives of the Allen County Sheriff's Department went to appellant's residence for the purpose of serving an arrest warrant in another cause. Appellant's wife informed the officers that her husband was not present and subsequently gave the officers permission to enter the house and verify that he was not there. Appellant was not found, but the officers noticed certain pieces of furniture which matched the description of goods which had

been stolen from the mobile home. Based upon this information, a search warrant was obtained on November 8, 1972, and the property in question was confiscated.

The first issue to be considered is whether appellant was denied a fair trial by reason of certain allegedly prejudicial remarks made by the trial court during defendant-appellant's closing argument before the jury.

A pertinent segment of such argument by the defense attorney, Mr. Dunn, reads as follows:

> "Now why when the evidence was this Ondersma and this Larry (sic) went to Mr. Hartwell's home and asked Mr. Hartwell to accompany them and help them in a burglary then that we charge only Mr. Hartwell with the burglary, who denied any implication. That is something you will have to think about in the Jury Room. Now let's look at their testimony. I believe the testimony was that they went here with a car and a trailer. They parked some 200 yards or 200 feet away over rough terrain. They walked over, picked that big heavy refrigerator up, carried it back 200 yards and instead of putting it in the trailer, they stuffed it in a trunk."

At this point, the following exchange took place between Mr. Dunn, the prosecutor Mr. Trotter and the court:

> "MR. TROTTER: Your Honor, excuse me. I'm going to have to correct the record on the evidence. There is nothing in the record in regard to a trailer —
>
> "COURT: Wait a minute, Mr. Trotter. Mr. Dunn, there is not any testimony that a trailer was involved. It was an automobile only and —
>
> "MR. DUNN: All right. I didn't remember what it was —
>
> "MR. TROTTER: And further — Your Honor, furthermore, there is nothing in the testimony of any figure of 200 yards. It was 250 to 300 feet.
>
> "COURT: Well, the jury has heard the evidence and as I mentioned before the summation of the attorneys is not evidence. It is what you have heard and what you recall hearing. That the Court has corrected the item and instructs you to disregard any conversation about a trailer because there was no testimony —

"MR. DUNN: All right.

"COURT: — of a trailer involved other than the goods coming from a trailer. There was none attached to the car. Let's proceed."

It is asserted that the trial court's remarks to the jury demonstrated intent on the part of the court to prejudice appellant's case. Further, appellant contends that the court thereby invaded the fact finding province of the jury.

In *Adler* v. *State* (1961), 242 Ind. 9, at 12, 175 N.E.2d 358 at 359, our Supreme Court set out the applicable principles regarding closing statements, matters not in evidence, and the trial court's duty to insure a fair trial:

"It is well settled that it is improper for counsel in argument to comment on matters not in evidence, and it is the duty of the trial court to see that they refrain from doing so. On proper objection from the defendant the court must at once require a retraction of any improper statement, or if necessary to insure that the defendant receive a fair trial, instruct the jury to disregard the statement. See: *Magnuson* v. *The State ex rel. Jarrett* (1895), 13 Ind. App. 303, 306, 41 N.E. 545, 546, *Schlotter* v. *The State ex rel. Croy* (1891), 127 Ind. 493, 496, 27 N.E. 149, 150; 8 I.L.E., Matters Not in Evidence, § 385, p. 440."

Although the court in *Adler* was concerned mainly with improper statements made in closing arguments by the prosecution, the rationale therein stated must be regarded as equally applicable to such statements made by the defense. Under the circumstances existing in the present case, the remarks by the court cannot be considered to have been occasioned by any intent to prejudice appellant's case; nor in making the statements did the court exceed the wide latitude of discretion accorded it in determining the propriety or impropriety of remarks by counsel. See: *Buehrer* v. *Indiana Insurance Co.* (1970), 146 Ind. App. 438, 256 N.E.2d 414; *Meeker, Guardian* v. *Decker* (1937), 104 Ind. App. 594, 10 N.E.2d 416.

The next issue presented is whether evidence of a separate offense; *i.e.*, burglary, was admissible and, if so, whether appellant was charged with the offense of theft and actually tried for the offense of burglary.

There is no dispute that the State's strategy included proving appellant's participation in the burglary of the mobile home on October 18, 1972, as a means of establishing the elements of theft, to-wit: exerting unauthorized control over property of the owner and intent to deprive the owner of the use of such property. See: IC 1971, 35-17-5-3, *supra*.

Since appellant admitted having possession of the goods in question on November 8, 1972, the issue at trial was whether his possession or control was unauthorized and whether he intended to deprive the rightful owner of use of the goods. Appellant claimed he purchased the goods while the State asserted that possession resulted from the burglary of October 18, 1972.

In a situation such as this, evidence of a burglary which also shows unauthorized control and intent is indeed relevant and if proven, would tend to establish the essential elements of theft.

Indiana courts have long approved an exception to the general exclusionary rule of evidence of prior offenses. In *Schnee* v. *State* (1970), 254 Ind. 661, at 662, 262 N.E.2d 186, at 187, the court stated:

"It is true that, in general, evidence of prior offenses by a defendant is inadmissible if it is irrelevant or its sole relevance is to show that the defendant's general character is bad and that he therefore has a tendency to commit crimes. *Burns* v. *State* (1970), 255 Ind. 1, 260 N.E.2d 559; *Meeks* v. *State* (1968), 249 Ind. 659, 234 N.E.2d 629; *Watts* v. *State* (1950), 229 Ind. 80, 95 N.E.2d 570; McCormack, Evidence, § 157; 2 Wigmore, Evidence, § 305 (3rd ed. 1940). However, if the evidence of prior offenses is relevant to some issue in the case e.g. intent, motive, knowledge, plan, identity, etc., then it is admissible. *Burns* v. *State, supra; Meeks* v. *State, supra; Watts* v. *State, supra; McCormack, supra;*

*Wigmore, supra.*" See also: *Fenwick* v. *State* (1974), 159 Ind. App. 311, 307 N.E.2d 86, 89-90.

Further, in *Sumpter* v. *State* (1974), 261 Ind. 471, at 481, 306 N.E.2d 95, at 102, Justice Hunter, speaking for our Supreme Court, stated:

> "The mere fact that the evidence goes to prove an offense other than the one charged is immaterial, so long as that evidence has a *tendency* to prove or disprove the charged offense." See: 22A C.J.S., *Criminal Law*, § 683, at 741-756.

It must be concluded, therefore, that testimony regarding the burglary was properly admitted. Contrary to appellant's contentions, the evidence which was introduced concerning the burglary cannot be construed as charging him with such crime. The resolution of this question also disposes of issues relating to mistrial and surprise.

The next issue to be considered is whether the trial court erred in denying appellant's motion to suppress the evidence which was removed from appellant's residence.

It is to be noted that although a hearing was held on appellant's motions to quash the search warrant and affidavit charging theft and the motion to suppress, a transcript of such hearing has not been included in the record before this court. Furthermore, appellant failed to object to the admission of the evidence recovered from his residence, such evidence being a chest (State's Exhibit No. 5), a potted plant (State's Exhibit No. 6) and a refrigerator (State's Exhibit No. 8). As to State's Exhibits Nos. 4, 7 and 10 which included lamps and curtains, appellant objected only inasmuch as they hadn't been properly identified, and not that such evidence was the product of an illegal search and seizure as argued on appeal.

By reason of the fact that appellant has submitted an incomplete record, *Glenn* v. *State* (1973), 154 Ind. App. 474, 290 N.E.2d 103; failed to object to the admission of certain evidence after filing a motion to suppress, *Crawford* v. *State* (1973), 156 Ind. App. 593, 298

N.E.2d 22; and objected to the admission of certain other evidence for a reason not argued on appeal, *Cooper* v. *State* (1972), 259 Ind. 107, 284 N.E.2d 799, the issue as to whether the trial court erred in its ruling on the motion to suppress must be deemed waived.

The next issue presented is whether the trial court erred in the giving of State's Instructions Nos. 2 and 13.

State's Instruction No. 2 reads as follows:

> "You are instructed that the doctrine of reasonable doubt applies only to the ultimate question of defendant's guilt or innocence and the essential facts which establish it, and the mere fact that some subsidiary matters are but imperfectly proved does not make it the duty of the jury to acquit, if the ultimate question of the defendant's guilt is established to your satisfaction beyond a reasonable doubt."

It is asserted that the above instruction invades the province of the jury in that it denies the jury the right to find reasonable doubt from subsidiary evidence. Such instruction, however, is a correct statement of the law. In *Ringham* v. *State* (1974), 261 Ind. 628, 308 N.E.2d 863, at 867, the court stated:

> "It is proper for a court to instruct a jury that every material element of the crime charged should be proved beyond a reasonable doubt. However, this doctrine has no application to every incidental or subsidiary fact. It is the evidence in its entirety which is to be weighed and considered as to whether or not as a whole the evidence has established every material element of the crime charged beyond a reasonable doubt. 8 I.L.E. Criminal Law § 343."

State's Instruction No. 13 reads as follows:

> "A conviction may be sustained primarily upon the testimony of admitted accomplices. The testimony of accomplices does not lack probative value as a matter of law, and their credibility and the weight to be given to their testimony are questions properly left to the jury."

The above instruction properly sets out the applicable law with regard to accomplice's testimony. *Turner* v. *State*

(1972), 258 Ind. 267, 280 N.E.2d 621; *Gertchen* v. *State* (1973), 158 Ind. App. 691, 304 N.E.2d 335.

The final issue to be considered is whether appellant's conviction of the offense of theft is supported by sufficient evidence.

When sufficiency of the evidence is raised on appeal, this court will neither weigh the evidence nor determine the credibility of witnesses. Only evidence most favorable to the State will be considered together with all reasonable inferences to be drawn therefrom. Then, if there is substantial evidence of probative value to establish the material elements of the crime beyond a reasonable doubt, the verdict will remain undisturbed. *Nicholas* v. *State* (1973), 261 Ind. 115, 300 N.E.2d 656.

The jury heard testimony of Terry Durr and Larry Ondersma which, if believed, would establish that appellant participated in the burglary of October 18, 1972, and that the stolen merchandise was transported to appellant's home. Officer Melvin Kiessling of the Allen County Police Department testified that the goods taken from appellant's residence on November 8, 1972, match the description of the property which had been removed from the mobile home. Wyman Lee Collins, an employee of Wright Mobile Homes, the owner of the mobile home in question, identified the property and matched the serial number of the stolen refrigerator with the one recovered from appellant's residence. Thus, it was established that appellant exerted unauthorized control over such property. See: IC 1971, 35-17-5-13(10), Ind. Ann. Stat. § 10-3040(10) (Burns Supp. 1974). From such unauthorized possession, it can be inferred that appellant intended to deprive the owner of the property of its use. *Tuggle* v. *State* (1969), 253 Ind. 279, 252 N.E.2d 796. It must be concluded, therefore, that the State succeeded in establishing the elements of the offense of theft and that appellant's conviction is supported by sufficient evidence.

· No reversible error having been shown, the judgment of conviction appealed from is affirmed.

Affirmed.

Garrard and Staton, JJ., concur.

NOTE.—Reported at 321 N.E.2d 228.