JAMES LEE WHEELER *v.* STATE OF INDIANA.

[No. 3-374A37. Filed September 18, 1975].

*Larry Busick,* Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert S. Spear,* Deputy Attorney General, for appellee.

PER CURIAM—James Lee Wheeler, defendant, is appealing his conviction of two counts of possession of dangerous drugs[1] for which he was sentenced to the Indiana Department of Correction for an indeterminate period of not less than one nor more than ten years.

We affirm.

The facts most favorable to the State reveal that early on the morning of November 20, 1971, defendant was stopped by Deputy Sheriff William Baumann on Highway 27 between Berne and Geneva, Indiana. Baumann had in his possession four warrants for defendant's arrest arising from an altercation between defendant and Baumann at a local restaurant on November 18, 1971. After executing the warrants, Baumann transported defendant to the jail in Decatur, Indiana. Once inside, defendant was given a "jailhouse" inventory search which revealed amounts of marijuana and Lysergic Acid Diethylamide (LSD) in his possession.

The sole allegation of error contained in the motion to correct errors is that the conviction was not sustained by the evidence that Wheeler was not licensed to possess the drugs in question. That allegation has been waived through Wheeler's failure to present any argument regarding it. Indiana Rules of Procedure, Appellate Rule 8.3 (A) (7) ; *Conrad* v. *State* (1974), 262 Ind. 446, 317

---

1. IC 1971, 16-6-8-3.

N.E.2d 789; *Williams* v. *State* (1973), 260 Ind. 543, 297 N.E. 2d 805. Furthermore, if properly presented, the question has already been decided adversely to Wheeler. *Cartwright* v. *State* (1972), 154 Ind. App. 328, 289 N.E.2d 763.

In his brief on appeal, Wheeler attempts to argue that the evidence against him was obtained through an illegal search and seizure. Even had this assignment been made in the motion to correct errors, we would be precluded from considering it in detail. The evidence was not objected to when it was introduced at the trial. Therefore, no error was preserved. *See, Harrison* v. *State* (1972), 258 Ind. 359, 281 N.E.2d 98; *Hartwell* v. *State* (1974), 162 Ind. App. 445, 321 N.E.2d 228.

Affirmed.

NOTE.—Reported at 333 N.E.2d 807.