**Thomas W. ALLEN, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 582S184.**

Supreme Court of Indiana.

Nov. 28, 1983.

Daniel L. Weber, Terre Haute, for appellant.

Linley E. Pearson, Atty. Gen., Latriealle Wheat, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

A jury found appellant guilty of Robbery, a Class B felony. The court sentenced appellant to a term of fourteen (14) years imprisonment.

The sole issue on appeal is whether the trial court erred in denying appellant's Motion for Mistrial based upon comments made by the trial judge during defense counsel's final argument before the jury.

Appellant was arrested at the apartment he shared with his girlfriend, Leslie Reynolds, for the robbery of a grocery store. Two eyewitnesses, Brett Byers and Julie Pratt, were attending the cash register when appellant and a taller coparticipant held guns on them, threatened to kill them and removed money from the register.

At trial both witnesses positively identified appellant. Byers identified a .22 rifle, which had been found in appellant's apartment, as the rifle used in the robbery. In an attempt to attack Byers' credibility, the defense introduced a copy of a *Miranda* rights waiver form signed by appellant's girlfriend Leslie Reynolds. Across the face of the waiver form there is writing which appears to have resulted from an overlaying carbon sheet which caused a duplication of writing from some other source. Detective Johnson, who investigated the robbery, read these traced words aloud, interpreting them to say "has changed" and "he originally said a 30–30 shotgun but [indecipherable] 22 rifle."

Defense counsel tried to elicit statements from Detective Johnson and Byers that Byers had changed his story about what type of weapon was used. However, Johnson consistently maintained that Byers used the word 'rifle' at the first investigatory interview, and to his knowledge, Byers never used the word 'shotgun' to describe appellant's weapon. Byers also stated he did

not remember changing his description given in the interview. On cross-examination, defense counsel's repeated questioning induced Johnson to concede it was "possible" and maybe even "more probable than not" that the writing referred to Byers, but he also stated he could not even be sure the writing pertained to appellant's case. Using the same questioning technique, counsel asked Byers if it were possible that he may have said shotgun, and his response was, "Yes."

During final argument trial counsel referred to this incident of cross-examination and began to draw conclusions that the evidence showed that Byers had, in fact, changed his mind about the nature of the weapon used in the robbery. When this occurred, the trial judge admonished him that such was not the record in the case at bar. Defense counsel moved for a mistrial alleging the comments improperly prejudiced appellant by denying him the opportunity to persuade the jury that Byers' credibility had been successfully attacked.

 A trial court has wide discretion in determining the scope and conduct of final argument. *Scott v. State,* (1980) Ind., 413 N.E.2d 902; *Morris v. State,* (1980) 272 Ind. 452, 398 N.E.2d 1284. Absent an abuse of discretion, the trial court's actions in controlling final argument will be sustained on appeal. *Scott, supra.* A court may take action which it deems necessary without waiting for an objection by opposing counsel. *Jaske v. State,* (1978) 269 Ind. 196, 379 N.E.2d 451.

When it becomes apparent that an attorney is mistakenly arguing that certain evidence exists to support his argument, the trial court may correct him. *Adler v. State,* (1961) 242 Ind. 9, 175 N.E.2d 358.

The witnesses' concessions to the possibility that Byers may have earlier given a different description of the weapon used in the robbery than the one he gave at trial were drawn out merely to impeach the testimony of one of the two eyewitnesses. Such admissions were of such low probative value that we cannot say the trial judge abused his discretion in making the comments during final argument. Even if we were to find the court erred in making the remarks, such error would constitute harmless error in light of the substantial evidence presented at trial. The trial judge did not err in denying the motion for mistrial.

The trial court is affirmed.

All Justices concur.