# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 06 2017, 10:21 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Marietto V. Massilamany
Massillamany & Jeter LLP
Fishers, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael Renteria, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | October 6, 2017 <br><br> Court of Appeals Case No. 29A02-1701-CR-98 <br><br> Appeal from the Hamilton Superior Court <br><br> The Honorable J. Richard Campbell, Judge <br><br> Trial Court Cause No. 29D04-1602-F6-1261 |

**May, Judge.**

[1] Michael Renteria appeals his conviction for Level 6 felony operating a vehicle as a habitual traffic offender.[1] He asserts the trial court's comments during closing argument prejudiced the jury against him. We affirm.

## Facts and Procedural History

[2] On February 4, 2016, Indiana State Trooper Cory Berfield was "sitting on the ramp from I-69 Northbound to 96 [sic] Street on the right shoulder," (Tr. at 35), in Hamilton County, watching for traffic violations. His vehicle was equipped with license plate-reading equipment. The equipment reads the license plates of passing cars and indicates any problems, such as "stolen license plates . . . expired license plates, [and] suspended drivers." (*Id.* at 34.)

[3] As one car passed, the equipment sounded an alert because a particular license plate was registered to a driver with a suspended license, Michael Renteria. Trooper Berfield followed the car "on the overpass over to I-69 westbound" in Hamilton County. (*Id.* at 37.) As Trooper Berfield followed the car, he used the information from the plate-reading equipment and the BMV system accessible in his vehicle[2] to verify the driver of the vehicle matched the description of Renteria and Renteria still had a suspended license. Based on

---

[1] Ind. Code § 9-30-10-16 (2015).

[2] The access to the BMV system is via a "CAD system that is linked to the BMV [and] would notify as to whether the registered owner of the vehicles are [sic] still currently suspended[.]" (Tr. at 34.) Additionally, "it gives a general description of the owner or the registered owners of the vehicle, male, female, height, weight, age." (*Id.* at 35.)

that information, Trooper Berfield initiated a traffic stop. By the time Trooper Berfield was able to conduct the traffic stop, Renteria had driven into Marion County. When asked for his license, Renteria told Trooper Berfield "he thought he knew it was suspended[, but] he was driving for [his girlfriend] because she didn't like driving on the interstate." (*Id*. at 37.)[3]

[4] On February 18, 2016, the State charged Renteria with Level 6 felony operating a vehicle as a habitual traffic offender. The case was heard by a jury. During closing arguments, Renteria's counsel said:

> The Defendant, Mr. Renteria, was charged with operating a motor vehicle in Hamilton County while a habitual traffic violator. I don't think we ever heard any testimony that the stop occurred that way. Your memory is better than mine but I don't recall even testimony stating it happened in Hamilton County. But that is your memory not mine.

(*Id.* at 107.)

[5] At the end of defense counsel's argument, the trial court corrected her statement by saying: "The Court notes for the record that there was testimony that the stop, not the stop but the driving was in Hamilton County on westbound 96 [sic] Street. So, I needed to correct the record there." (*Id.* at 113.) Defense counsel did not object at that time to the trial court's correction of her

---

[3] In his defense, Renteria denied making the statement that he knew his license was suspended but agreed the rest of Trooper Berfield's testimony was "[p]retty consistent." (Tr. at 73.)

misstatement of the evidence.  In the State's rebuttal argument, the State "clarif[ied] there was testimony from the officer that the Defendant was driving in Hamilton County." (*Id.* at 114.)

[6]     After the trial court gave final instructions to the jury and the jury retired to deliberate, defense counsel told the trial court she had one issue:

> In closing of course, you make it clear that nothing that the attorneys say is evidence.  Again, I don't remember him saying missing 96 [sic] Street.  I don't remember him saying Hamilton County.  I don't remember but it's your memory not mine.  But I think, with all due respect, when the Court made its comment I think that was inappropriate because it bolsters, well, the Judge said, he said versus as I told the jury.  I don't remember saying anything but I could be wrong because somebody can focus on so many things.  And that's why I kept telling the jury that's your memory not mine.  So, I just believe that it was error in my opinion for the Court to make that statement.  Because then I believe instead of the jurors going back deliberating, well nothing she says is evidence, but did he say it or did he not say Hamilton County - did he say Hamilton County?  But I think by the Court saying that that the jurors are going to say the Judge said, he said it so that's the end of the discussion.  So, I just want to make that record.

(*Id.* at 122.)  To which the trial court responded:

> If you want to argue venue there is a statute that allows you to file a motion, in writing, to challenge venue.  You are not going to get up there and on closing argument make an argument that is not supported by the record.  You misstated the evidence.  And I have a problem with that.

(*Id.* at 123.) Renteria was found guilty and sentenced accordingly.

# Discussion and Decision

[7] It is essential to due process that a judge remain impartial. *Hollowell v. State*, 707 N.E.2d 1014, 1022 (Ind. Ct. App. 1999). Juries afford "great respect" to judges, which adds more importance to any acts of partiality by a judge. *Id.* Thus, a trial court judge "has a duty to remain impartial and refrain from making unnecessary comments or remarks." *Id.* "To assess whether the judge has crossed the barrier into impartiality, we examine both the judge's actions and demeanor." *Timberlake v. State*, 690 N.E.2d 243, 256 (Ind. 1997), *reh'g denied, cert. denied*. Nevertheless, not all judicial remarks "constitute reversible error; the remarks must harm the complaining party or interfere with the right to a fair trial." *Hollowell*, 707 N.E.2d at 1022. Moreover, "a trial judge must be given latitude to run the courtroom and maintain discipline and control of the trial." *Timberlake*, 690 N.E.2d at 256.

[8] Renteria asserts the trial court's statements were "unnecessary," "prejudicial," and "undermined defense counsel's credibility." (Appellant's Br. at 6.) When reviewing such a claim on appeal, we presume the trial court judge is "unbiased and unprejudiced." *Perry v. State*, 904 N.E.2d 302, 307 (Ind. Ct. App. 2009), *trans. denied*. To rebut that presumption, the appellant must show the judicial conduct placed him in jeopardy. *Id.* "Bias and prejudice violate a defendant's due process right to a fair trial only where there is an undisputed claim or where

the judge expressed an opinion of the controversy over which the judge was presiding." *Everling v. State*, 929 N.E.2d 1281, 1288 (Ind. 2010).

[9] In *Hartwell v. State*, defense counsel misstated the evidence during closing argument by claiming a trailer had been in use during the theft of items from a mobile home. The State objected to the argument as there was nothing in the record regarding a trailer. The trial court "corrected the item and instruct[ed the jury] to disregard any conversation about a trailer because there was no testimony . . . of a trailer involved[.]" *Hartwell v. State*, 162 Ind. App. 445, 447-8, 321 N.E.2d 228, 230 (1974). Such a correction was deemed not prejudicial as "it is the duty of the trial court to see that [counsel] refrain" from commenting in argument "on matters not in evidence[.]" *Id.* (*quoting Adler v. State*, 242 Ind. 9, 12, 175 N.E.2d 358, 359 (1961)).

[10] Here, after defense counsel's closing arguments and without the State making an objection, the trial court corrected defense counsel's assertion there was no evidence Renteria's driving occurred in Hamilton County. Trooper Berfield and Renteria agreed Renteria had been driving in Hamilton County. Defense counsel's statements to the contrary were incorrect and the trial court noted that.

[11] Nevertheless, Renteria's counsel was not making an argument about matters not in evidence, as had happened in *Hartwell*. Rather, she argued evidence had not been presented when it had. The trial court, therefore, was not admonishing counsel to refrain from discussing matters *not* in evidence, but was

correcting counsel's assertion about facts *in* evidence. If such evidence is an element of the offense, that evidence is a matter of dispute for the jury to decide. *See Everling*, 929 N.E.2d at 1288 (bias and prejudice violate due process if the judge's comments are expressed regarding a matter of dispute).

[12] However, here, venue was not an issue being placed before the jury; thus, we must decide whether the trial court's statement was prejudicial.[4] "Court's Preliminary Instruction No. 4" stated:

> The crime of Operating a Vehicle as a Habitual Traffic Violator, as charged in Count 1, is defined by law as follows:
>
> A person who operates a motor vehicle while said person's driving privileges were validly suspended under 9-30-10 and the person knows that the person's driving privileges were suspended commits Operating a Vehicle as an Habitual Traffic Violator, a level 6 Felony [sic].
>
> Before you may convict the Defendant, the State must have proved each of the following elements beyond a reasonable doubt:
>
> The Defendant
>
> *1. operated a motor vehicle;*
> *2. when the Defendant's driving privileges were validly suspended under 9-30-10;*
> *3. and the Defendant knew that his driving privileges were suspended.*
>
> If the State failed to prove each of these elements beyond a

---

[4] Renteria does not challenge venue on appeal.

reasonable doubt, you must find the Defendant not guilty of Operating a Vehicle as a Habitual Traffic Violator, a level 6 Felony [sic], as charged in Count 1.

(App. Vol. II at 46) (emphasis added) (original formatting removed).

[13] After discussion of the final instructions, wherein defense counsel expressed concerns about the burden of proof regarding Renteria's knowledge of the suspension, the trial court then gave "Court's Final Instruction No. 2" stating:

> The crime of Operating a Vehicle as a Habitual Traffic Violator, as charged in Count 1, is defined by law as follows:
>
> A person who operates a motor vehicle while said person's driving privileges were validly suspended under 9-30-10 and the person knows that the person's driving privileges were suspended commits Operating a Vehicle as a Habitual Traffic Violator, a level 6 Felony [sic].
>
> Before you may convict the Defendant, the State must have proved each of the following elements beyond a reasonable doubt:
>
> The Defendant
>
> *1. operated a motor vehicle;*
> *2. when the Defendant's driving privileges were validly suspended under 9-30-10;*
> *3. and the Defendant knew that his driving privileges were suspended.*
>
> If the State failed to prove each of these elements beyond a reasonable doubt, you must find the Defendant not guilty of Operating a Vehicle as a Habitual Traffic Violator, a level 6 Felony [sic], as charged in Count 1.

(*Id.* at 54) (emphasis added) (original formatting removed).

[14] In addition, the trial court instructed the jury: "Nothing [the trial court] say[s] or do[es] is intended to recommend what facts or what verdict you should find." (*Id.* at 50.) It also instructed the jury that "final statements [by the attorneys] are not evidence[.]" (*Id.* at 52.) Thus, although Renteria argues the trial court's statements regarding his counsel's closing argument "undermined defense counsel's credibility," (Appellant's Br. at 6), defense counsel's credibility was not at issue. The jury was told specifically her statements "are not evidence [and y]ou may accept or reject those arguments as you see fit." (App. Vol. II at 52.) We have no reason to believe the jury did not follow the court's instructions. *See Tharpe v. State*, 955 N.E.2d 836, 842 (Ind. Ct. App. 2011) ("We presume juries follow the admonitions of the court and admonitions cure any prejudice resulting from an error."), *trans. denied*.

[15] Therefore, because the issue of venue was not presented to the jury and because the trial court appropriately instructed the jury regarding what should be considered or disregarded, the trial court's comments about the evidence of venue were not prejudicial to Renteria's defense. *See id.* ("Any prejudice from the judge's facial expressions was cured when the judge admonished the jury to disregard them.").

[16] Even though the trial court's comments would have intruded into the jury's province to weigh the evidence if the jury had been given the issue of venue, as the jury was not given that issue, Renteria has not demonstrated any possible

error was harmful. Harmless error is an error that does not affect a party's substantial rights. *Littler v. State*, 871 N.E.2d 276, 278 (Ind. 2007). Harmlessness is ultimately a question of the likely impact on the jury. *Id*. The harmless error analysis applies to restrictions on closing argument. *Nelson v. State*, 792 N.E.2d 588, 594 (Ind. Ct. App. 2003), *trans. denied*.

[17] The State was required to present evidence Renteria's license was suspended and he knew of the suspension. Ind. Code § 9-30-10-16 (2015). The State presented such evidence by producing the BMV records showing the suspension and the mailed notices to Renteria regarding it, together with testimony from the BMV clerk. Additionally, Trooper Berfield testified Renteria stated "he thought he knew it was suspended." (Tr. at 37.) Although Renteria disputed Trooper Berfield's account and the BMV records, we cannot reweigh the evidence. *See Miller v. State*, 720 N.E.2d 696, 699 (Ind. 1999) (appellate court does not reweigh evidence or judge the credibility of witnesses). Thus, for the issues given to the jury to decide, the State presented sufficient evidence to support the jury's decision and any error introduced by the trial court's statement after counsel's closing argument is rendered harmless.

# Conclusion

[18] The court did not comment on an issue that was put to the jury and Renteria has not demonstrated prejudice. Any such error, if present, was harmless. Accordingly, we affirm.

[19]     Affirmed.

Brown, J., and Pyle, J., concur.