MARGARET A. MOORE *v.* STATE OF INDIANA.

[No. 2-173A15. Filed February 14, 1974. Rehearing denied April 3, 1974. Transfer denied July 8, 1974.]

*Palmer K. Ward,* Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

### CASE SUMMARY

BUCHANAN, J.—Defendant-Appellant Margaret A. Moore (Moore) appeals from her conviction of violating the 1935 Narcotic Act (possession of cocaine) alleging trial court error in refusing to quash a search warrant and the evidence obtained thereunder on the ground that the affidavit on which the warrant was based was defective.

We affirm.

### FACTS

The record, when viewed most favorably to the State, reveals the following facts:

In January of 1972, Indianapolis police officers received information that illicit drug transactions were taking place in the residence of Margaret Moore, at 2949 Baltimore Avenue in Indianapolis.

After keeping the house under surveillance in order to confirm the reliability of the information, they arranged for an informant to make a purchase of narcotics on January 18, 1972.

On that day the informant was searched, money was provided, and he was observed entering the Moore house. After fifteen minutes he returned and presented the police officers with a tinfoil package containing a white powder (later to become Exhibit One). Surveillance of the house was maintained while one of the police officers took the tinfoil packet to police headquarters and dropped it into the police lockbox.

One of the officers, Bilbrey, immediately swore out an affidavit for a search warrant which read:

"STATE OF INDIANA, COUNTY OF MARION, SS:

"James O. Bilbrey, Police Officer swears or affirms that he believes and has good cause to believe That Narcotic Drugs: To-Wit: Cocaine, are being kept and sold at 2949 Baltimore Ave., City of Indianapolis, County of Marion, State of Indiana and that 2949 Baltimore Ave. is the Residence and under the Control of Margaret Moore.

"This Affiant bases his belief on the fact that he received information from a Confidential, Credible and Reliable Informant that he was at the address of 2949 Baltimore Ave. within the last Four (4) Days and he personally obtained a substance that said Informant believed to be a quantity of Cocaine from Margaret Moore at 2949 Baltimore Ave., Indianapolis, Marion County, Indiana which Cocaine was turned over to this Affiant and was submitted to the Crime Lab., Dr. Phillips Indianapolis Police Department, (Chemist) Analyzed the substance to be Cocaine. Also, said Informant on many occasions has observed large quantities of Cocaine in the House at 2949 Baltimore Ave. This Informant also has furnished information to this Affiant in the past that resulted in at least Four (4) Narcotic Arrests and Seizures of Narcotic Drugs.

"I am requesting this Search Warrant for a 1 Story Frame House located at 2949 Baltimore Ave., Indianapolis, Marion County, Indiana, it is the First House on the East Side of Baltimore Ave., South of 30th Street, Containing a Living Room, Dining Room, Kitchen, Bath Room, and Two (2) Bedrooms. I request this Search to Include, but not be limited to all rooms, Closets, Cabinets, Desk and Personal effects contained therein or thereon, and all persons on premises at the time of serving the Search Warrant to find and Seize Narcotic Drugs. /s/ DWC

"X /s/ James O. Bilbrey
_____

"Subscribed and sworn to before me, this 18th day of January, 1972.

" /s/ D. William Cramer
_____

Presiding        Judge of Municipal Court of
Judge            Marion County. /s/ DWC"

A search warrant which incorporated the affidavit was then issued by the Presiding Judge of the Marion County Municipal Court.

In the afternoon of January 18, 1972, Officer Bilbrey returned to the Moore residence and, with other officers, conducted a search pursuant to the search warrant. During the search, a plastic bag containing white powder was discovered, which became State's Exhibit Six.

At trial on July 11, 1972 it was testified that State's Exhibit Six contained 5.65 grams of cocaine, which was the equivalent of between 50 and 75 normal doses.

During the examination of the police chemist, Carl Phillips, the following exchange took place:

"Q. I'll hand you here what's been marked for identification purposes as State's exhibit six and ask you if you can identify that?
A. Yes.
Q. When was the first time you ever saw that?
A. January 31, 1972.

Q. And what if anything did you do to it?

A. I examined the contents.

Q. And what did your examination reveal?

A. I found cocaine extract of the cocoa leaf.

\* \* \* \* \* \* \* \*

Q. I'll hand you here what's been marked for identification purposes as State's exhibit one and ask you to look at that. When did you ever see that before, if you ever have?

A. It would be on the same date, January 31st.

Q. And what if anything did you do with State's Exhibit One?

A. I determined—made an examination with a spot test only on this.

Q. And what is a spot test?

A. It will give a preliminary indication that it was also cocaine.

\* \* \* \* \* \* \* \*"

Police Officer Bilbrey testified that Carl Phillips, the forensic chemist, had informed him that a preliminary spot test on the contents of the tinfoil packet (State's Exhibit One) obtained by the informant on January 18 tested as cocaine.

After the testimony of Carl Phillips, the defense renewed their pre-trial Motion to Quash the search warrant on the ground that his testimony as police chemist implied that he had not seen State's Exhibit One before January 31, 1972, and thus could not have informed Officer Bilbrey that the contents were cocaine in order to support the affidavit of probable cause filed in obtaining the search warrant on January 18. The defense Motion to Quash was denied.

In defense, Moore took the stand and admitted that she had sold the cocaine to the informant and retained some in her possession which was discovered by the police officers in the manner previously testified. She defended her actions by claiming that the informant pressured her into buying the cocaine for him.

A jury verdict of Guilty was returned and Moore was

sentenced to imprisonment for not less than two nor more than ten years and fined $1,000.

## ISSUE

A single issue is raised for determination:

Was the search warrant improperly issued because based on a defective affidavit?

Moore asserts that the search warrant would not have been issued on January 18 had the affidavit not contained the results of the chemical test by Phillips stating Exhibit One to be cocaine. In fact, Phillips testified he did not see Exhibit One before January 31, and therefore the search warrant should not have been issued.

The State replies that there was testimony that Phillips did test Exhibit One on January 18 and that the affidavit was sufficient to satisfy the statutory requirements of probable cause.

## DECISION

CONCLUSION—It is our opinion that the affidavit was sufficient to establish probable cause and the search warrant was therefore properly issued.

This appeal, as is too frequently the case, fails because the Appellant's position is at war with the record.

Moore's criticism of the affidavit is confined exclusively to the claim that Phillips, the police chemist, testified he never saw Exhibit 1 until January 31, 1972 and therefore did not test the sample (Exhibit 1) obtained by the informant on January 18, so that "the exact basis for the issuance of the search warrant turned out to be false." However, a short journey into the record reveals that Officer Bilbrey testified at the trial that Phillips had performed a preliminary spot test on the contents of Exhibit 1 obtained by the informant on January 18. Thus there was an apparent conflict in the testimony on this point.

The published reports of this and the Supreme Court are replete with citations that on appeal we will not weigh the evidence and will interpret the evidence in support of the judgment of the trial court. The trial court resolved whatever conflict there may have been in this testimony by concluding that Phillips did in fact test Exhibit 1 on January 18.

It should be added that the question asked Phillips, "When did you ever see that (Exhibit 1) before, if you ever have?" was somewhat ambiguous, and even though he answered, ". . . January 31st," his answer could have been construed to mean that he saw it on January 31 and possibly on previous dates, one of which could have been January 18.

So, this opinion could end here because Moore only attacks the affidavit as being deficient if Phillips examined Exhibit 1 only on January 31.

We would do so were it not apparent from Appellant's brief and oral argument that two concepts have been confused in this appeal. *One,* whether an affidavit for a search warrant sufficient and valid on its face may thereafter be challenged on the ground of the veracity of the statements contained therein. *See, People* v. *Bak* (1970), 45 Ill. 2d 140, 258 N.E.2d 341, *cert. denied,* 400 U.S. 882; *People* v. *Alfinito* (1965), 16 N.Y.2d 181, 264 N.Y.S.2d 243, 211 N.E.2d 644; 41 NOTRE DAME LAWYER 822. *See also: United States* v. *Thomas* (5th Cir., 1973), 489 F.2d 664; *United States* v. *Carmichael* (7th Cir., 1973), 489 F.2d 983. The *second* concept is whether a search warrant can be issued based on an affidavit containing hearsay evidence, even from a reliable informant.

Prior to 1969, hearsay would not support the issuance of a search warrant in Indiana. *McCurry* v. *State* (1967), 249 Ind. 191, 231 N.E.2d 227.

In 1969, the applicable statute[1] relating to issuance of war-

---

1. IC 1971, 35-1-6-2, Ind. Ann. Stat. § 9-602 (Burns 1971 Repl.).

rants was amended to permit the establishment of probable cause by an affidavit "based on credible hearsay."

Moore only cites authority prohibiting hearsay in affidavits prior to amendment of the statute in 1969 and cites no authority as to the necessity of veracity of the statements appearing in the affidavit. The latter question is not before us. Our decision is grounded solely on our conclusion that the trial court's decision can be supported on the basis that Phillips did test Exhibit 1 on January 18.

In passing, we observe that the affidavit in question by Officer Bilbrey appears to "track" the statute and is sufficient to establish probable cause. Even were the reference to Phillips' analysis of the substance to be cocaine eliminated, sufficient probable cause appears on the face of the affidavit to justify the issuance of a search warrant.

There is no need for us to embroider on the subject of sufficiency of affidavits for issuance of search warrants as Justice DeBruler in *Riddle* v. *State* (1971), 257 Ind. 619, 275 N.E.2d 788, and Judge Lybrook in *Foxall* v. *State* (1973), 156 Ind. App. 19, 298 N.E.2d 470, have recently analyzed various aspects of the subject.

The trial court properly refused to quash the search warrant and suppress the evidence obtained pursuant thereto, and its judgment is therefore affirmed.

Sullivan, P.J., and White, J., concur.

NOTE.—Reported at 307 N.E.2d 92.