JAMES L. MILLS *v*. STATE OF INDIANA.

[No. 2-874A196. Filed April 15, 1975.]

*Robert J. Fink, Haymaker, Hirsch & Fink,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

LOWDERMILK, J.—A narcotics officer with the Indianapolis Police Department, on July 7, 1972, obtained a search warrant for the premises and persons at 2306 North Alabama in Indianapolis for narcotics and dangerous drugs. He and other officers were admitted by the defendant-appellant, James L. Mills (Mills), where a search was conducted. In the garage and in a trash can near the kitchen they found heroin and they also found a white napkin in a bedroom of the residence with methadone laying thereon. The nature of the substances seized was verified first by a field test. Mills and his wife were both arrested for unlawful possession of heroin and methadone.

Mills and his wife were later charged by affidavit in two counts, each being for violation of the 1935 Narcotics Act, as amended. Mrs. Mills was acquitted on both counts and Mills was convicted for having in his possession and under his control a narcotic drug, to-wit, methadone, a synthetic narcotic. Mills was sentenced for not less than two years nor more than ten years to the Indiana State Prison and was fined $100.00.

Mills has elected to consolidate and argue specifications 1 and 3 of the issues presented, which issues are that the court erred in overruling the motion to quash the affidavit for a search warrant and to suppress the evidence, and that the

judgment is contrary to law. To support his contention Mills urges the affidavit of probable cause supporting the search warrant did not allege facts showing the affiant, Officer Crawford, had any knowledge of the credibility of the alleged credible person, his informant. Mills urges that if there were no convictions that in itself would prove that the so-called informant or reliable person was not as a matter of fact credible.

Mills further urges that the affidavit, failing to show the period of time between the gathering of the information by the informant and the issuance of the warrant, is too remote to be reliable. The time was two days and was sufficient.

Hearing was had on the motion to quash the affidavit for a search warrant and to suppress the evidence.

The portion of the affidavit reciting the credibility of the informant reads as follows:

"This affiant bases his belief on the fact that he received information from a confidential, credible and reliable informant that he was at the address of 2306 N. Alabama, within the past two days and he personally purchased and obtained a substance that said informant believed to be a quantity of heroin from James L. Mills at 2306 N. Alabama, Indianapolis, Marion County, Indiana, which was turned over by informant to this affiant who performed a field test and found the substance to be a derivative of opium when analyzed by this affiant. Also, said informant on several occasions has observed large quantities of heroin and cocaine in tin foil packets in plain view in the living room of the house situated at 2306 N. Alabama. This informant also furnished information to this affiant in the past that resulted in at least four (4) narcotics arrests and seizures of narcotic drugs."

The fact that narcotics were seized as a result of such information was sufficient to establish the reliability of the informant. There are innumerable reasons why a conviction may not have been had where arrests were made on such information which would not be pertinent to the credibility of the informant.

IC 35-1-6-21, Ind. Ann. Stat. § 9-602 (Burns 1974 Supp.) provides that the affidavit may be issued on credible hearsay.

The case of *Moore* v. *State* (1974), 159 Ind. App. 381, 307 N.E.2d 92, 93, sets out an affidavit for a search warrant which could very easily have been used as a form for the affidavit for the search warrant used in the case at bar. In *Moore* said affidavit read:

> ". . . Also, said Informant on many occasions has observed large quantities of Cocaine in the House at 2949 Baltimore Ave. *This Informant also has furnished information to this Affiant in the past that resulted in at least Four (4) Narcotic Arrests and Seizures of Narcotic Drugs.*"

The Second Division of this court held that the trial court properly refused to quash the search warrant and suppress the evidence obtained pursuant thereto.

In the case of *Foxall* v. *State* (1973), 157 Ind. App. 19, 298 N.E.2d 470, an affidavit for a search warrant was issued wherein the affiant police officer declared the informant to be a credible person who had, on prior occasions, supplied information that proved to be valid. This court held that the statutory requirement of facts as to the credibility of an informer is sufficiently satisfying where the statement in the affidavit declares that the informant had previously supplied valid information.

It is not requisite or necessary that the affidavit allege convictions had been had on the information received from an informant.

We hold that the affidavit was sufficient and the trial court correctly overruled the motion to quash the affidavit and suppress the evidence.

In the trial of the cause Officer Crawford testified that he found methadone, a synthetic narcotic, in the bedroom of the house in open view. He found heroin in the trash can in the garage near the kitchen. These products of the search were submitted to Dr. Carl Phillips, forensic chemist for the

Indianapolis Police Department, who testified that the white tablets were methadone, a synthetic narcotic, and the white powder contained in foil packets was found to be heroin, a derivative of opium.

Issue 2 is that the judgment was not sustained by sufficient evidence.

It is true that Mills was convicted on Count Two for possession of the methadone only.

Mrs. Mills testified that she had been ill and that the methadone had been given to her by a doctor without prescription after she had had an operation. Mills urges that there is absolutely no evidence that he ever possessed or had dominion and control over the methadone pills and therefore the conviction should be reversed.

In *Greely* v. *State* (1973), 158 Ind. App. 212, 301 N.E.2d 850, the subject of constructive possession is discussed. Therein the court held that the evidence must show the substance in question was within the constructive possession of the appellant before he could be found guilty of the offense charged. The court, speaking further, said:

"Constructive possession has been held to require an intent and capability to maintain control and dominion over the material in question . . ." 301 N.E.2d at 851, and in quoting from *Feltes et al.* v. *People of Colorado* (1972), 178 Colo. 409, 498 P.2d 1128, 1131, stated:

" 'A conviction of illegal possession may be based upon evidence that the marijuana [methadone] while not found on the person of the defendant was in a place under his dominion and control. . . .' " 301 N.E.2d 852.

The court, in *Greely,* further said:

"It is obvious that to have constructive possession one must have some knowledge that the material is present.

\* \* \*

A conviction may be supported solely on circumstantial evidence and the test is whether the circumstantial evidence

and reasonable inferences therefrom have sufficient probative value to affirm the judgment . . ." 301 N.E.2d at 852, 853. See also, *Thomas* v. *State* (1973), 260 Ind. 1, 291 N.E.2d 557.

A police officer testified that the methadone was in plain view, laying on a white napkin in a bedroom in the premises occupied by Mills and his wife, Neely Mills.

The evidence being in dispute as to the ownership of the methadone, this court will not weigh the evidence and will consider only that evidence most favorable to the State, together with all logical and reasonable inferences which may be drawn therefrom. *Thomas* v. *State, supra.*

We determine that there was sufficient evidence to sustain the court's judgment and that the same was not contrary to law.

Judgment affirmed.

Robertson, C.J., and Lybrook, J., concur.