EARL HOSKINS *v.* STATE OF INDIANA

[No. 2-576A196. Filed October 17, 1977.]

*Edward L. Goebel, Jr.*, of Indianapolis, for appellant.

*Theodore L. Sendak*, Attorney General, *Wesley T. Wilson*, Deputy Attorney General, for appellee.

SULLIVAN, P.J.—Earl D. Hoskins (Hoskins) was tried by court and found guilty of possession of heroin.

We affirm.

The evidence most favorable to the State reveals that on July 11, 1974, Officer J. C. Crawford of the Indianapolis Police Department obtained a warrant to search a residence allegedly occupied by Hoskins and his wife, Judy Carter. Crawford and a fellow officer served Hoskins with the warrant as Hoskins was entering the residence in question on July 12, 1974. The search of the premises produced a vial containing a brown powdery substance. Hoskins was arrested after a field test indicated the substance was heroin. A subsequent laboratory analysis confirmed this finding.

Hoskins challenges his conviction on the basis that:

(1)   the trial court erred in denying his motion to suppress evidence obtained in the search because the warrant was issued in reliance upon a defective affidavit;

(2)   the evidence was insufficient to show "possession" of heroin; and

(3)   the State failed to show a proper chain of custody of the seized substance.

I.

The search warrant was issued on the basis of an affidavit by Officer Crawford attesting to information supplied to him by an undisclosed but previously-reliable informant. The affidavit recited that the informant stated he had made previous purchases of heroin from Hoskins at the residence in question.

Hoskins contends that Crawford's affidavit was defective on two counts: (1) it failed to show that Crawford had any knowledge of the informant's credibility, and (2) it failed to reveal any facts

indicating the informant had "personal knowledge" of the statements he made.

The standards for determining the sufficiency of an affidavit based on credible hearsay are set forth in I.C. 35-1-6-2 (Burns Code Ed. 1975):

"No warrant for search or arrest shall be issued until there is filed with the justice of the peace, judge of any city court or magistrate's court or the judge of any court of record, an affidavit, particularly describing the house or place to be searched and the things to be searched for, or particularly describing the person to be arrested, and alleging substantially the offense in relation thereto, and that the affiant believes and has good cause to believe that such things as are to be searched for are there concealed, or that the person to be arrested committed said offense, and setting forth the facts then in knowledge of the affiant or information based on credible hearsay, constituting the probable cause. When based on credible hearsay, the affidavit shall contain reliable information supplied to the affiant by a credible person, named or unnamed, and it shall contain the following:

(a) Affirmative allegations that the credible person spoke with personal knowledge of the matters contained therein.

(b) The facts within the personal knowledge of the credible person.

(c) The facts within the affiant's knowledge as to the credibility of the credible person.

An affidavit for search substantially in the following form shall be deemed sufficient:

State of Indiana, )
County of _____ ) ss:

A.B. swears (or affirms, as the case may be) that he believes and has good cause to believe (here set forth the facts and information constituting the probable cause) that (here describe the things to be searched for and the offense in relation thereto) are concealed in or about the (here describe the house or place) of C.D., situated in county of _____ in said state.

Subscribed and sworn to before me this _____ day of _____, 19_____.

An affidavit upon which to base an arrest substantially in the form described in section 171 [repealed] of this act, as amended, shall be deemed sufficient."

The affidavit stated:

"F.I. J.C. Crawford swears or affirms that he believes and has good cause to believe that heroin, a derivitive of opium property, possession of which is unlawful is in the possession and under control of Earl D. Hoskins, Jr. and Judy Carter of 3359 N. College Avenue, Indianapolis, Marion County, Indiana.

The basis of this belief of this affiant is that he received reliable and credible information from a reliable and credible informant who has given a said affiant information in the past which has led to at least four (4) arrests and two (2) convictions. The said informant told the said affiant that he had purchased heroin, a derivitive of opium from the said Earl D. Hoskins, Jr. at the said 3359 College Avenue, Indianapolis, Marion County, Indiana on several occasions. The said informant further told the said affiant that he purchased a tin foil package of heroin, a derivitive of opium at the above, said address from the said Earl D. Hoskins, Jr. within the past three (3) days. Based upon the above information, this affiant requests permission to search the residence of Earl D. Hoskins, Jr. and Judy Carter, 3359 N. College, Indianapolis, Marion County, Indiana, which is a white, wooden frame, two (2) story house, a double home, the said home is the second house south of 34th Street on the east side of the street, the south side of the double at College Avenue. The above said home contains three (3) bedrooms, 1 bathroom, a living room, dining room, kitchen, basement, attic, and is known as 3359 N. College Avenue, Indianapolis, Marion County, Indiana. I request that this search include, but not be limited to all rooms, closets, drawers, storage areas, personal effects and any other area where the above said heroin, a derivitive of opium, may be concealed, or any other evidence of a conspiracy to commit a violation of the Controlled Substances Act."

Hoskins' first contention, that the credibility of the informant was not established, is without merit. Officer Crawford stated in the affidavit that he had previously received from the informant reliable information which had led to four arrests and two convictions.[1] It is well-established that a

___

1. It is the fact that the information was reliable, however, not that it

statement in an affidavit declaring that the informant has previously supplied valid information is sufficient to satisfy the Indiana statutory requirement of facts as to the informant's credibility. *See Foxall v. State* (1973), 157 Ind. App. 19, 298 N.E.2d 470.

Hoskins further asserts that no facts were produced showing sufficient underlying circumstances upon which the informant based his conclusion that the substance he had previously purchased from Hoskins was heroin. He cites *Foxall v. State, supra,* which held that sufficient facts indicating "personal knowledge" existed where the informant stated he had injected the substance into his bloodstream and had received the same reaction as from heroin.

*Foxall*, in this respect, stands for the proposition that a declaration that injection took place and was accompanied by appropriate reaction satisfies the "personal knowledge" requirement. It does not purport to set a minimum standard by which all cases involving the "personal knowledge" requirement are to be measured.

In the case at bar, the informant made a statement of express fact that he had made several purchases of heroin from Hoskins. We see no material distinction between this assertion and the one made in *Foxall*. Were it otherwise, the affidavit in *Foxall* would be deficient because the informant did not state how he knew what a heroin reaction was like.

In any event, the informant's factual statement here is even more definite in the sense of "personal knowledge" than the statement considered and held sufficient in *Moore v. State* (1974), 159 Ind. App. 381, 307 N.E.2d 92. The statement in *Moore* was that the substance obtained from the defendant was, by the informant, "believed to be a quantity of cocaine".

We hold that the affidavit in question was sufficient to support issuance of the search warrant.

purportedly led to a conviction, which yields the element of credibility. *See Mills v. State* (1975), 163 Ind. App. 608, 325 N.E.2d 472.

## II.

Hoskins next asserts that the evidence produced at trial was insufficient to establish "possession" of heroin. He argues that the State did not prove that the residence in question belonged to him.[2]

The residence was rented to and the utilities paid by "C. E. Monroe". Officer Crawford testified that Hoskins was connected to this alias by:

(1) the observation of Hoskins entering and leaving the residence in the capacity of one living in and controlling the residence;

(2) interviews with persons coming and going from the residence confirming that Hoskins used the name "C. E. Monroe";

(3) identifications from photographs of Hoskins by people on the street and by a rental agency, all of whom identified the person in the photographs as "C. E. Monroe";

(4) the fact that Hoskins had a key to the residence, was opening the door with it, and did not protest that the residence was not his.

While (2) and (3) above are based on hearsay, the testimony was elicited by direct and specific questions posed by the defense upon cross-examination. Hoskins may not now complain that the answers received were prejudical. *Brower v. State* (1956), 236 Ind. 35, 138 N.E.2d 237; *Dorsey v. State* (1976), 171 Ind. App. 408,

---

2. In his Motion to Correct Errors, Hoskins submitted the following specification:

> "6. That there is a complete failure of a material element of the charge in that the State of Indiana failed to prove that Defendant Hoskins possessed heroin, *the record showing that other persons occupied the premises.*" (Emphasis supplied)

The above specification plus the memorandum supporting the Motion to Correct Errors suggests a theory of "non-exclusive possession" of the premises where the drugs were found. However, Hoskins asserts a different theory in his brief, arguing only that proof of possession is lacking because the State failed to connect Hoskins with the alias "C. E. Monroe", the name under which the premises were rented.

It is well-established that this court will only consider arguments which are presented in appellant's brief and which are supported by cited authorities. *Wheeler v. State* (1975), 161 Ind. App. 21, 333 N.E.2d 807.

357 N.E.2d 280; *Weingart v. State* (1973), 157 Ind. App. 597, 301 N.E.2d 222.

The evidence sufficiently proved that Hoskins was the lessee and occupier of the residence where the drugs were found.

### III.

Hoskins argues that the State failed to prove a proper chain of custody of the seized substance.

Officer Crawford testified that he placed the substance in an envelope, marked it, and dropped it into the Narcotics Drop Box. The envelope was not removed from the box until Crawford later retrieved it and gave it to a laboratory analyst for testing. The analyst testified that he took the envelope from Crawford, ran the tests, and then placed the substance in a plastic bag which was heat-sealed, returned to the envelope and inserted in a locked cabinet. Crawford then retrieved the envelope from the analyst and deposited it into the narcotics vault, where it remained until removed by Crawford for trial. This evidence forges a complete and unbroken chain.

Judgment affirmed.

Robertson, C.J., (Participating by designation) and

White, J., concur.

NOTE — Reported at 367 N.E.2d 1388.