Larry BURGIN, Nancy S. Burgin, Appellants (Defendants Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 2–781 A 224.

Court of Appeals of Indiana, Second District.

Feb. 25, 1982.

Walter E. Bravard, Jr., Indianapolis, for appellants.

Linley E. Pearson, Atty. Gen., Aimee L. Kolze, Deputy Atty. Gen., Indianapolis, for appellee.

SHIELDS, Judge.

Larry Burgin appeals his conviction under I.C. 35–48–4–7 (Burns Code Ed., Repl. 1979) for possession of methamphetamine hydrochloride (Desoxyn). Nancy Burgin appeals her convictions under I.C. 35–48–4–11 (Burns Code Ed., Repl.1979) for possession of marijuana and I.C. 35–48–4–7 (Burns Code Ed., Repl.1979) for possession of Desoxyn. Burgins raise only one issue on appeal: whether their convictions are supported by sufficient evidence.

When reviewing a conviction for sufficiency of the evidence, we do not reweigh the evidence or judge credibility of witnesses. We look only at the evidence most favorable to the verdict and the reasonable inferences that flow therefrom. We will affirm the judgment if it is supported by substantial evidence of probative value. *Scott v. State*, (1980) Ind.App., 404 N.E.2d 1190.

The evidence most favorable to the state is that on December 7, 1979, officers of the Indianapolis Police Department executed a search warrant at 3146 East Tabor Street, the home of Larry and Nancy Burgin. Larry and Nancy were inside the house at the time. The police found a bottle containing pills which were later shown to be Desoxyn on a dresser in the bedroom. Marijuana was found in a purse in the bedroom.

## I. Larry Burgin

Larry argues the state failed to prove an element of the crime, *i.e.*, that his possession of the Desoxyn was "without a valid

prescription or order of a practitioner acting in the course of his professional practice."[1] The state argues possession pursuant to possession of a valid prescription is an exception to the crime and therefore I.C. 16–6–8.5–6(a) (Burns Code Ed., Supp.1981)[2] places the burden of proving a valid prescription on Larry.

Larry's argument that his possession of the Desoxyn without a valid prescription is an element of the crime which the state must prove beyond a reasonable doubt must fail. In the recent case of *Gilbert v. State*, (1981) Ind.App., 426 N.E.2d 1333, this court held the existence of a valid prescription is an exception to, not an element of, the possession statute.

Consequently, the state is correct in arguing I.C. 16–6–8.5–6(a) applies. Therefore, Larry had the burden of proving he had a valid prescription for the Desoxyn. The phrase "burden of proof" encompasses two separate burdens: 1) the burden of going forward, which is the burden of producing evidence of a particular fact in issue, and 2) the burden of persuasion, which is the burden of persuading the trier of fact the alleged fact is true. McCormick's Handbook on the Law of Evidence, § 336 (2d Ed. 1972). The statute, in placing these burdens on a defendant, did not specify the standard of the burden of persuasion: by a preponderance of the evidence, clear or convincing, or beyond a reasonable doubt. However, we conclude the applicable standard is by a preponderance of the evidence. We do so under our duty to construe an ambiguous criminal statute most favorably to the accused. *Warren v. State*, (1981) Ind.App., 417 N.E.2d 357.

---

1. The statute under which Larry was convicted reads as follows:

   "A person who, without a valid prescription or order of a practitioner acting in the course of his professional practice, knowingly or intentionally possesses a controlled substance classified in schedule I, II, III, IV, or V, except marijuana or hashish, commits possession of a controlled substance, a class D felony." I.C. 35–48–4–7 (Burns Code Ed., Repl.1979)

2. "It is not necessary for the state to negate any exemption or exception in this chapter or in I.C. 35–48 [35–48–1–1—35–48–4–14] in any complaint, information, indictment or other pleading or in any trial, hearing, or other proceeding under this chapter or under I.C. 35–48. The burden of proof of any exemption or exception is on the person claiming it." I.C. 16–6–8.5–6(a) (Burns Code Ed., Supp.1981)

Furthermore, Burgin's argument I.C. 16–6–8.5–6(a) is unconstitutional is without merit. Our supreme court has held there is no constitutional impediment to a statute imposing the burden of proof upon a defendant on an issue if the issue is not an element of the crime. *Price v. State,* (1980) Ind., 412 N.E.2d 783. However, we stress that each *element* of the offense proscribed by I.C. 35–48–4–7 must be proved by the state beyond a reasonable doubt and that this obligation of the state remains throughout the trial. *See Patterson v. New York,* (1977) 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281; *Rivera v. Delaware,* (1976) 429 U.S. 877, 97 S.Ct. 226, 50 L.Ed.2d 160; *Mullaney v. Wilbur,* (1975) 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508; *In re Winship,* (1970) 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368; *Leland v. Oregon,* (1952) 343 U.S. 790, 72 S.Ct. 1002, 96 L.Ed. 1302.

The issue now becomes whether the court's rejection of Larry's evidence as to the existence of a valid prescription is contrary to law. Larry's evidence consisted of testimony of a pharmacist that he had filled Desoxyn prescriptions for Larry in the past. However, the pharmacist could not recall when he had filled the prescriptions. There was also evidence the bottle the Desoxyn was found in was unlabeled and that a pad of blank prescription forms was found in Larry's home. It cannot be seriously contended that this evidence leads a reasonable fact finder to but one conclusion: that the Desoxyn found in the unlabeled bottle was obtained under a specific valid prescription.

## II. Nancy Burgin

### A.

Nancy argues there was insufficient evidence of her possession of Desoxyn to support her conviction. Possession may be actual or constructive. Constructive possession has been defined as "an intent and capability to maintain control and dominion" over the substance. *Thomas v. State,* (1973) 260 Ind. 1 at 4, 291 N.E.2d 557 at 558. Proof of a possessory interest in the place where the contraband is found is sufficient to establish the capability to maintain control over the substance. Exclusive possession of the premises is sufficient to show intent to control the contraband. However, when a person does not have exclusive possession of the premises, some additional evidence is necessary to show intent to control. *Watt v. State,* (1980) Ind.App., 412 N.E.2d 90.

In this case the Desoxyn was found in plain view on top of a dresser in a bedroom of the home occupied by Larry and Nancy Burgin, which demonstrates Nancy's capability to control the Desoxyn. The fact the contraband was in plain view is sufficient to establish an intent to control. *Martin v. State,* (1978) Ind.App., 372 N.E.2d 1194 (Buchanan, J., concurring); *Mills v. State,* (1975) 163 Ind.App. 608, 325 N.E.2d 472.

### B.

Nancy argues there was insufficient evidence to sustain her conviction for possession of marijuana. We disagree.

Officer Wurz of the Indianapolis Police Department testified he found the purse containing marijuana in the bedroom, possibly next to the bed. Wurz also testified identification in the purse "had a picture on it with the name of Nancy Taylor on it who I knew her as Nancy Taylor prior to this incident. And it was her picture and just like I said I knew her prior to this incident." Nancy argues the "her" Wurz referred to was not necessarily Nancy Burgin. However, we conclude the trial court could reasonably have inferred from the context of the remarks that Wurz was referring to Nancy. Nancy also argues someone else may have had access to the purse and could have placed the marijuana in it. This is mere speculation. The evidence shows the marijuana was found in a purse in the bedroom of the Burgins' home. A reasonable inference can be drawn that the purse belonged to Nancy. The evidence and inferences are sufficient to uphold the conviction. *Watt.*

Affirmed.

BUCHANAN, C. J., and SULLIVAN, J., concur.