**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 09 2014, 6:40 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**STANLEY L. CAMPBELL**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANITA LOPEZ, | ) | |
| Appellant-Defendant, | ) | |
| vs. | ) | No. 20A03-1301-CR-10 |
| STATE OF INDIANA, | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable George W. Biddlecome, Judge
Cause No. 20D03-0710-FA-69

**January 9, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

**CASE SUMMARY**

Appellant-Defendant Anita Lopez appeals her conviction of Class A felony dealing in cocaine. As a part of a narcotics investigation into Anita's son, Valfredo Lopez, law enforcement officers searched Anita and Valfredo's residence and recovered more than fifteen grams of cocaine from a bedroom. At trial, Appellee-Plaintiff the State of Indiana asserted two theories of liability against Anita: that she possessed the cocaine with intent to deliver and that she aided Valfredo in doing so. Anita argues that the State presented insufficient evidence that she possessed the cocaine recovered from the residence, as required for principal liability. Finding evidence of Anita's intent to maintain control and dominion over the cocaine, we conclude that sufficient evidence supports her conviction as a principal. Anita also argues that State presented insufficient evidence that she engaged in affirmative conduct to aid Valfredo in dealing in cocaine, as required for accomplice liability. We conclude that Anita's affirmative conduct of possessing cocaine is sufficient to support her conviction as an accomplice. Anita further argues that the trial court abused its discretion in refusing to give her tendered jury instructions on the rule of lenity and accomplice liability. Finding the material presented in Anita's tendered instructions to have been adequately covered by the trial court's instructions, we affirm.

**FACTS AND PROCEDURAL HISTORY**

On October 18, 2007, as a part of a narcotics investigation into Anita's son, Valfredo, officers with the Elkhart County Interdiction and Covert Enforcement Unit and the Goshen SWAT Team executed a high-risk, no-knock warrant on Anita and Valfredo's residence ("the Residence"). The officers struck the Residence's front door with a

battering ram approximately ten times but were unable to gain entry. A video camera was mounted over the front door, and the officers later learned that the door had been screwed shut from the inside. Ultimately, the officers were able to enter the Residence through a rear door.

Upon entering the Residence, the officers found themselves in a bedroom, where they encountered Anita. Anita was standing near a bed, approximately one foot from a closet door, which was slightly ajar. The officers detained Anita on the bed and then opened the closet door. Inside the closet, they found Valfredo, standing waist-deep in a hole that had been cut into the closet floor. Valfredo was attempting to enter the crawl space beneath the closet. The officers extracted Valfredo from the closet and searched the Residence.

On Valfredo's person, the officers found a clear plastic baggie containing approximately 8.0 grams of cocaine and $1075 in cash. In the crawl space beneath the bedroom closet, the officers found a clear plastic baggie containing approximately 0.2 grams of cocaine and a silver purse containing twenty-two clear plastic baggies of cocaine, totaling approximately 6.5 grams. The purse also contained $392 in cash and a photograph of Anita with the same silver purse. Hanging in the bedroom closet, the officers found a red dress, a brown jacket with $3070 in cash in its pocket, and a black purse containing $1000 in cash. In a black bag hanging on one of the bedroom walls, the officers found a piece of mail addressed to Anita at the Residence. On top of the bedroom dresser, the officers found a red organizer, inside of which they discovered two clear plastic baggies containing approximately 0.3 grams of cocaine each. The officers also found a small

3

electronic scale in one of the dresser drawers. A second red organizer containing $5000 in cash was found in a suitcase in one corner of the bedroom. The officers found two partial boxes of plastic baggies in the kitchen and a bowl containing several plastic baggies with missing corners in the bathroom. A second electronic scale was also found in the bathroom. The officers did not find any paraphernalia consistent with personal cocaine use in the Residence.

The officers arrested Anita and Valfredo as well as Anita's husband, Baldemar Lopez, who was also found inside the Residence. On October 15, 2007, the State charged Anita with one count of Class A felony dealing in cocaine. At trial, the State asserted principal liability against Anita, alleging that she possessed, with intent to deliver, three or more grams of cocaine. The State also asserted accomplice liability against Anita, alleging that she aided Valfredo in dealing in cocaine. On July 26, 2012, a jury found Anita guilty as charged. The trial court sentenced Anita to thirty years of incarceration.

## DISCUSSION AND DESCISION

### I. Whether Sufficient Evidence Supports Anita's Conviction

Anita argues that the State presented insufficient evidence from which the jury could convict her of Class A felony dealing in cocaine as either a principal or an accomplice. When reviewing a claim that the evidence introduced at trial was insufficient to support a conviction, we consider only the probative evidence and reasonable inferences that support the finding of guilt, and we view conflicting evidence in the light most favorable to that verdict. *Drane v. State*, 867 N.E.2d 144 (Ind. 2007); *Wright v. State*, 828 N.E.2d 904 (Ind. 2005). Therefore, the evidence need not overcome every reasonable hypothesis of

4

innocence. *Drane*, 867 N.E.2d at 147. Instead, we will affirm the conviction unless no reasonable trier of fact could have found the elements of the crime beyond a reasonable doubt. *Jenkins v. State*, 726 N.E.2d 268, 270 (Ind. 2000).

## A. Principal Liability

A person who possesses, with intent to deliver, three or more grams of cocaine commits Class A felony dealing in cocaine as a principal. Ind. Code § 35-48-4-1. Here, the record reveals that over fifteen grams of cocaine were recovered from the Residence, and Anita concedes that this amount and the manner in which it was packaged sufficiently evidences intent to deliver. Anita claims only that there was insufficient evidence that she possessed the cocaine recovered from the Residence.

> A person actually possesses contraband when she has direct physical control over it. *Henderson v. State*, 715 N.E.2d 833 (Ind. 1999). But a conviction for a possessory offense does not depend on catching a defendant red-handed. *Wilburn v. State*, 442 N.E.2d 1098 (Ind. 1982).
>
> When the State cannot show actual possession, a conviction for possessing contraband may rest instead on proof of constructive possession. *Goodner v. State*, 685 N.E.2d 1058 (Ind. 1997). A person constructively possesses contraband when the person has (1) the capability to maintain dominion and control over the item; and (2) the intent to maintain dominion and control over it. *Lampkins v. State*, 682 N.E.2d 1268, 1275 (Ind.), *modified on reh'g*, 685 N.E.2d 698 (Ind. 1997).

*Gray v. State*, 957 N.E.2d 171, 174 (Ind. 2011).

Anita concedes that her possessory interest in the Residence permits the inference that she had the capability to maintain dominion and control over the cocaine found therein. *See id.* (acknowledging the propriety of such an inference). Anita contends, however, that the evidence fails to establish her intent to maintain such dominion and control.

> A trier of fact may … infer that a defendant had the intent to maintain dominion and control over contraband from the defendant's possessory

5

interest in the premises, even when that possessory interest is not exclusive. [*Gee v. State*, 810 N.E.2d 338, 341 (Ind. 2004)]. When that possessory interest is not exclusive, however, the State must support this second inference with additional circumstances pointing to the defendant's knowledge of the presence and the nature of the item. *Id.* We have previously identified some possible examples, including (1) a defendant's incriminating statements; (2) a defendant's attempting to leave or making furtive gestures; (3) the location of contraband like drugs in settings suggesting manufacturing; (4) the item's proximity to the defendant; (5) the location of contraband within the defendant's plain view; and (6) the mingling of contraband with other items the defendant owns. *Id.* (citing *Henderson*, 715 N.E.2d at 836); *see also Carnes v. State*, 480 N.E.2d 581, 586 (Ind. Ct. App. 1985) (list not exhaustive as other circumstances could just as reasonably demonstrate requisite knowledge).

*Gray*, 957 N.E.2d at 174-75.

Here, not only did Anita have a possessory interest in the Residence but, when the officers entered, she was present in the bedroom where the cocaine was found. This gives rise to a "rebuttable inference" that Anita had knowledge of the cocaine's presence and nature. *Ledcke v. State*, 296 N.E.2d 412, 417 (Ind. 1973); *see Watt v. State*, 412 N.E.2d 90, 98-99 (Ind. Ct. App. 1980) (stating that a defendant's presence when and where contraband is found is a factor to be considered in determining whether defendant had knowledge of that contraband's existence).

Additionally, the State presented evidence that Anita was an occupant of the bedroom. *See Carnes v. State*, 480 N.E.2d 581, 587 (Ind. Ct. App. 1985) (considering bedroom occupancy as a factor in determining whether defendant had knowledge of contraband found in that bedroom). A piece of mail addressed to Anita was found inside a black bag hanging on one of the bedroom walls, and female clothing and a black purse were found hanging in the bedroom closet. *See id.* at 587 n.5 (finding reasonable the inference that female clothing found in bedroom was owned by sole female resident).

6

The State also presented evidence that Anita owned the silver purse containing six grams of cocaine. The purse was recovered from the crawl space beneath the bedroom closet and contained a photograph of Anita with the same silver purse. *See Burgin v. State*, 431 N.E.2d 864, 867 (Ind. Ct. App. 1982) (finding evidence of possession where purse containing contraband was found in defendant's bedroom and contained identification listing defendant's maiden name).

In sum, this evidence points to Anita's knowledge of the presence and the nature of the cocaine recovered from the Residence. And, in conjunction with Anita's possessory interest in the Residence, this evidence permits a jury to find that she had the intent to maintain dominion and control over the cocaine found therein. We conclude that the State presented sufficient evidence to support Anita's conviction for Class A felony dealing cocaine as a principal.

### B. Accomplice Liability

A person who knowingly or intentionally aids, induces, or causes another person to possess, with intent to deliver, three or more grams of cocaine commits Class A felony dealing in cocaine as an accomplice. Ind. Code §§ 35-41-2-4, 35-48-4-1. When determining whether a person participated in the commission of an offense as an accomplice, we must consider the particular facts and circumstances of the case. *Byrer v. State*, 423 N.E.2d 704, 706 (Ind. Ct. App. 1981).

> An accused's mere presence at the scene of the crime is insufficient to establish that he aided another person to commit an offense. *Id.* Similarly, mere acquiescence in the commission of the offense is insufficient to convict a person as an accomplice. *Id.* Rather, in order to sustain a conviction as an accomplice, there must be evidence of the defendant's affirmative conduct, either in the form of acts or words, from which an inference of a common

7

design or purpose to effect the commission of a crime may be reasonably drawn. *Buhrt v. State*, 274 Ind. 370, 412 N.E.2d 70, 71 (1980).

*Peterson v. State*, 699 N.E.2d 701, 706 (Ind. Ct. App. 1998).

Here, as discussed above, the State presented sufficient evidence that Anita possessed the cocaine recovered from the Residence. This constitutes an affirmative act sufficient to support Anita's conviction as an accomplice. Had there been insufficient evidence to prove the other elements of Anita's principal liability (*e.g.*, her intent to deliver), Anita's possession of the cocaine would support a finding that she aided Valfredo in Class A felony dealing in cocaine.

## II.  Whether the Trial Court Abused Its Discretion in Instructing the Jury

Anita argues that the trial court abused its discretion in refusing to give the jury her tendered instructions on the rule of lenity and accomplice liability.

> Generally, we will reverse a trial court for failure to give a tendered instruction if:  1) the instruction is a correct statement of the law; 2) it is supported by the evidence; 3) it does not repeat material adequately covered by other instructions; and 4) the substantial rights of the tendering party would be prejudiced by failure to give it.

*Creager v. State*, 737 N.E.2d 771, 776 (Ind. Ct. App. 2000).

### A.  Rule of Lenity

The trial court refused to give the following tendered jury instruction on the rule of lenity:  "[I]f you find that there is any ambiguity in the criminal statues under which Defendant has been charged, you should strictly construe the language of the statute and resolve such ambiguity in favor of the innocence of Defendant."  Appellant's App. p. 46. Anita claims the trial court's refusal was an abuse of discretion because the material presented in her tendered instruction was not otherwise covered by the trial court.  We

disagree. The trial court instructed the jury, "[I]t is a basic rule of criminal justice that criminal statutes must be strictly construed and their ambiguities, if any, resolved in favor of the accused and against the state." Appellant's App. p. 46. The substance of the trial court's instruction is the same as that presented by Anita's tendered instruction; the latter simply phrases the trial court's instruction in the active voice.

Anita contends that the Indiana Supreme Court's decision in *Sherelis v. State*, 498 N.E.2d 973, 978 (Ind. 1986), requires that both instructions be given. There, two instructions on the rule of lenity were given to the jury, one identical to Anita's tendered instruction and one identical to the instruction given by the trial court in the present case. *Id.* The trial court in *Sherelis*, however, refused to give a third instruction, which was:

> An adherence to the rule of strict construction is demanded, even though it might be argued that the legislature's statutory proscription should have been more comprehensive. Strict construction of criminal statutes is necessary in order to eliminate the spectre of criminal laws subjectively applied or unwittingly violated.

*Id.* On appeal, the Indiana Supreme Court held that the trial court did not abuse its discretion in refusing to give the third instruction, finding its substance adequately covered by the other two. *Id.* In so holding, the court stated that the rule of lenity was "completely formed" as given, "and further incursions into the underlying policies surrounding the rule [were] unnecessary." *Id.*

Anita's interpretation of *Sherelis* is misguided. The Indiana Supreme Court did not hold that the two instructions given by the trial court in *Sherelis* are required to adequately inform the jury on the rule of lenity. *See id.* Rather, it held that the third instruction was not required because it was adequately covered by the other two. *Id.* Again, we likewise

9

conclude that the rule of lenity instruction tendered and refused in the present case was adequately covered by the instruction given by the trial court. Moreover, Anita has failed to assert or demonstrate prejudice to her substantial rights from the trial court's refusal of her tendered instruction. Anita points to no ambiguity in the statutes under which she was charged, and, finding none, we conclude that reversal is not warranted. *See Creager*, 737 N.E.2d at 776.

## B. Accomplice Liability

The trial court refused to give the following tendered instructions on accomplice liability: "[A]cquiescence in the commission of a crime by another [is not] sufficient to render a person guilty as an accomplice," Appellant's App. p. 47, and, "In order to find Defendant guilty as an accomplice, there must be evidence of affirmative conduct by Defendant from which an inference of common design of purpose to effect the commission of the crime…." Appellant's App. p. 48. Anita claims the trial court's refusal was an abuse of discretion because the material presented in her tendered instructions—namely, the requirement of affirmative conduct—was not otherwise covered by the trial court. We disagree.

The trial court instructed the jury on accomplice liability as follows:

> In order to convict the defendant of the offense charged herein, the state must have proved each of the following elements: No. 1, the defendant[;] No. 2, knowingly or intentionally; No. 3, aided or induced or caused another person to commit the offense of Dealing in Cocaine, a Class A felony, to wit, possessing cocaine weighing three grams or more with the intent to deliver that cocaine.
> ….
> Mere presence at the scene of a crime does not establish a person an accomplice.

10

Tr. 1186-87. We note that this is essentially the pattern jury instruction on accomplice liability. *See* 1 IND. PATTERN JURY INSTRUCTIONS – CRIMINAL, No. 2.11(a) (3d. ed. 2012). And, although pattern jury instructions are not always upheld as correct statements of law, their use is the preferred practice. *Boney v. State*, 880 N.E.2d 279, 294 (Ind. Ct. App. 2008); *see Peterson*, 699 N.E.2d at 707 (finding error where "the trial court's instruction did not impart the information provided by the Indiana pattern jury instruction on accomplice liability").

Anita contends that our decision in *Peterson* requires that a trial court explicitly inform the jury that "some affirmative conduct" on the part of the defendant is required in order to find the defendant guilty as an accomplice. 699 N.E.2d at 707. There, we held a trial court's instruction on accomplice liability inadequate because it "wholly failed to instruct that the defendant must have engaged in some affirmative conduct in aiding or inducing the offense." 699 N.E.2d at 707. But the sole instruction given by the trial court in *Peterson* was a recitation of the accomplice liability statute, which, we determined, "focused on the law that a person could be convicted as an accomplice regardless of whether the other person had been prosecuted or convicted" and not the knowledge and conduct of the defendant. *Id.*

Indiana's appellate courts have since found that a trial court sufficiently informs the jury on the affirmative conduct requirement when it uses active verbs and/or distinguishes passive conduct in its instruction on accomplice liability. *Forte v. State*, 759 N.E.2d 206, 209 (Ind. 2001) (using the verbs "aid," "induce," "support," "help," and "assist" and also giving the "mere presence" instruction); *Boney*, 880 N.E.2d at 294 (using the verbs "aid"

11

and "participate" and also giving the "mere presence" and "failure to oppose" instructions); *Hopkins v. State*, 747 N.E.2d 598, 608 (Ind. Ct. App. 2001) (using the verbs "support," "help," and "assist"). Here, the trial court used the active verbs "aided," "induced," and "caused" in instructing the jury, Tr. p. 1187, indicating that affirmative conduct was required in order to find Anita guilty as an accomplice. The court also gave the "mere presence" instruction, Tr. p. 1187, distinguishing passive conduct as insufficient to support such a finding. These instructions adequately covered the affirmative conduct requirement of accomplice liability.

Moreover, because sufficient evidence supports Anita's conviction as a principal, the alleged error in the trial court's refusal to give Anita's tendered jury instructions on accomplice liability would not have prejudiced Anita's substantial rights. *See Townsend v. State*, 934 N.E.2d 118, 131 (Ind. Ct. App. 2010). "[A] defendant is equally guilty whether he acted as the principal or merely an accomplice," *Suggs v. State*, 883 N.E.2d 1188, 1192 (Ind. Ct. App. 2008), and "'the individual jurors themselves need not choose among the theories, so long as each is convinced of guilt.'" *Taylor v. State*, 840 N.E.2d 324, 334 (Ind. 2006) (quoting *People v. Jenkins*, 997 P.2d 1044, 1130 (Cal. 2000)). A reasonable jury would have convicted Anita as a principal even if the court had given her tendered instructions on accomplice liability. *See Townsend*, 934 N.E.2d at 131. Therefore, reversal is not warranted. *See Randolph v. State*, 802 N.E.2d 1008, 1013 (Ind. Ct. App. 2004) ("Errors in the giving or refusing of instructions are harmless where a conviction is clearly sustained by the evidence and the instruction would not likely have impacted the jury's verdict."), *trans. denied.*

12

The judgment of the trial court is affirmed.

KIRSCH, J., and PYLE, J., concur.