**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**ELLEN M. O'CONNOR**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TINA COX, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1309-CR-447 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Jose D. Salinas, Judge
Cause No. 49G14-1303-FD-15522

**May 21, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Chief Judge**

**Case Summary**

Tina Cox appeals her conviction for Class D felony possession of methamphetamine. She contends that the trial court erred in denying her motion to suppress the methamphetamine found in her purse. Specifically, she argues that the police exceeded the scope of their search warrant of Steven Geller's residence for financial documents when they searched Cox's purse in the upstairs bedroom. We conclude that the search of her purse did not exceed the scope of the search warrant, and once the purse was searched, the methamphetamine discovered could be seized under the plain-view doctrine. We also find that the evidence was sufficient to support her conviction and therefore affirm.

**Facts and Procedural History**

In March 2013 the Indiana State Police Cyber Crime Unit was investigating Steven Geller, a practicing attorney, for tax evasion. Geller was practicing law in his home at 1219 North New Jersey Street ("the Residence") in Indianapolis. State's Ex. 1, p. 6. Investigators obtained a search warrant for the Residence, which described the area to be searched as a "three story . . . residence." *Id.* at 5. The warrant also described the property to be seized, which included copies of checks, credit cards, and flash drives. *Id.*; Tr. p. 37, 45. Cox was identified in the warrant as Geller's secretary and tenant. State's Ex. 1, p. 11.

Cox was at the Residence when the officers executed the search warrant. She sat on the couch as officers searched the Residence, collected evidence, and took pictures. Lieutenant Donna Elam assisted with the search and went upstairs to search the master bedroom. After photographing the room, she noticed a woman's purse on the floor next to the bed. She took a picture of it, placed it on the bed, and searched it.

Inside the purse, she found a billfold. She opened the billfold and found approximately $1000 in cash and an item that she believed was drug paraphernalia. Tr. p. 46-47. She then opened another section of the billfold and found plastic bags with two little pills, which were later identified as hydrocodone, and a clear rock-like substance. *Id.* at 47; Appellant's App. p. 17. Lieutenant Elam believed these items were narcotics. Lieutenant Elam also found Cox's driver's license in the purse.

The officers arrested Cox. Cox was read her *Miranda* rights and told the officers that she had methamphetamine inside her purse. Tr. p. 31. The Indiana State Police Lab tested the clear rock-like substance and determined that it was methamphetamine. State's Ex. 2.

The State charged Cox with Class D felony possession of methamphetamine and Class D felony possession of a narcotic drug. Appellant's App. p. 17. Before trial, Cox moved to suppress the evidence of the drugs found inside her purse. *Id.* at 23.

A combination motion-to-suppress hearing and bench trial was held. The State argued that the scope of the search warrant included Cox's purse because the warrant was for all of Geller's business records, including copies of checks, credit cards, and flash drives. Tr. p. 10-11; *see also* State's Ex. 1, p. 5. According to the State, any of these items could reasonably be found in the purse that was searched. The State also argued that Cox could be expected to possess some of these items because she was his secretary. Tr. p. 12. Cox responded that the warrant was specifically directed at Geller and essentially argued that the warrant did not allow the officers to search her purse merely because she happened

to be at the Residence when the warrant was executed. *Id.* at 20. The State responded that the search warrant was directed at the Residence, not a specific person.

The trial court took the motion to suppress under advisement. *Id.* at 22, 64. At trial, Cox stipulated to the lab report indicating that the substance found in her purse was methamphetamine in exchange for the dismissal of her Class D felony possession-of-a-narcotic-drug charge. *Id.* at 23.

After the trial, the court denied the motion to suppress because the search warrant was for items that could have been found in a purse and because "the officers did indicate that in past investigations they have gone through items such as purses . . . and found items that aided in their investigation." *Id.* at 70. The trial court found Cox guilty of Class D felony possession of methamphetamine. *Id.* at 71. She was sentenced to twenty-four days in the Marion County Jail with eighteen days suspended to probation. *Id.* at 72. The trial court also sentenced her to forty hours of community service.[1] *Id.*

Cox now appeals.

**Discussion and Decision**

Cox argues that the police officer's search of her purse exceeded the scope of the search warrant for the Residence. We review the admission of evidence for an abuse of the trial court's discretion. *Boston v. State*, 947 N.E.2d 436, 444 (Ind. Ct. App. 2011). An abuse of discretion occurs when the trial court's ruling is clearly against the logic, facts, and circumstances presented. *Id.* We do not reweigh the evidence, and we consider conflicting evidence most favorable to the judgment. *Id.* In doing so, we consider evidence

---

[1] Cox received alternative misdemeanor sentencing, which allowed the trial court to sentence her Class D felony conviction as a Class A misdemeanor.

from the trial as well as evidence from the suppression hearing that is not in direct conflict with the trial evidence. *Id.*

"To protect a citizen's right to be free from unreasonable searches and seizures, our state and federal constitutions require officials to obtain a warrant before conducting searches and seizures." *Pavey v. State*, 764 N.E.2d 692, 702 (Ind. Ct. App. 2002), *trans. denied*. A warrant must describe with particularity the place to be searched and the items to be seized. *Id.* This description restricts the scope of the search, "authorizing seizure of only those things described in the warrant." *Id.* A warrant that leaves the executing officer with discretion is invalid. *Id.*

Because Cox does not contest the validity of the search warrant itself, we must determine only whether the officers exceeded the scope of the warrant. We first note that the methamphetamine Lieutenant Elam found was not described in the warrant.[2] Therefore, the methamphetamine or evidence resulting from the seizure of methamphetamine could only be admitted into evidence if the search did not exceed the scope of the search warrant and the discovery of the drugs satisfied an exception to the warrant requirement.

An officer may seize an item that is not described in a search warrant under the plain-view doctrine. *Jones v. State*, 783 N.E.2d 1132, 1137 (Ind. 2003). In order to seize an item under the plain-view doctrine, three requirements must be met. First, the initial intrusion must have been authorized by the Fourth Amendment. *Id.* Second, the items

---

[2] The methamphetamine found was not admitted into evidence. Instead, the State and Cox stipulated to the results of a drug analysis performed by the Indiana State Police Lab. Tr. p. 22-23; State's Ex. 2.

5

must be in plain view. *Id.* Third, the incriminating nature of the evidence must be immediately apparent. *Id.*

Lieutenant Elam's search of the purse was authorized by the Fourth Amendment. The warrant specified the area to be searched as the Residence. The warrant authorized the police to search the Residence for:

> Any and all business records for Steven B. Geller, Attys At Law . . . and rental business (including check register, general ledger, cash receipts journal, cash disbursement journal, and sales journal); ledgers for rentals of real property; all preparation, work papers, and attachments for all income tax returns (2007-2011); federal tax returns (10-40s); state tax returns (IT-40s); withholding tax returns and property tax returns; all tax refund schedules . . . ; credit card receipts; bank account information (including bank statements, copies of checks deposited, and copies of checks disbursed); business receipts and receipt books; credit cards; items purchased using business or personal credit card numbers; invoices; bill of sales; client contracts; clients' payment history; copies of court settlements; summaries of clients' disbursements. I also request any computers, flash drives or other related media containing evidence of receipts, business records, and other indicia of criminal activity to be examined by the Indiana State Police Cyber Crimes Unit.

State's Ex. 1, p. 5. The items described in the warrant could easily fit inside a woman's purse. Additionally, Lieutenant Elam testified at trial that she searched the purse because she believed financial documents were the kinds of things that could be found in a woman's purse. Tr. p. 45. This Court has held that "a warrant to search the premises for a specific item authorizes the officers to search any area within those premises where the item reasonably may be found." *Allen v. State*, 798 N.E.2d 490, 500 (Ind. Ct. App. 2003) (citing *Green v. State*, 676 N.E.2d 755, 758 (Ind. Ct. App. 1996), *trans. denied*). Therefore, the officers were permitted to open and search any container found in the Residence that might reasonably contain financial documents. *Id.*

6

Second, the seized item was in plain view. In order for an item to be in plain view, "the discovery of the contraband must be inadvertent." *Fraiser v. State*, 794 N.E.2d 449, 461 (Ind. Ct. App. 2003), *reh'g denied*, *trans. denied*. This occurs when police are not searching for evidence against the accused but nonetheless inadvertently discover incriminating evidence. *Id.* Here, Lieutenant Elam searched the purse for financial documents, receipts, credit cards, and flash drives under the search warrant. In the course of her search for these items, she opened a billfold inside the purse and found methamphetamine. Her discovery of the drugs was inadvertent. *See, e.g.*, *id.* at 461-62 (discovery of child pornography on defendant's computer was inadvertent when opening files pursuant to a defendant's search warrant to find evidence relating to marijuana).[3]

Third, the incriminating nature of the evidence was immediately apparent. Lieutenant Elam testified that the billfold contained drug paraphernalia and plastic bags with two little pills and a clear rock-like substance. Tr. p. 47. Although she is primarily involved in financial-crimes investigations, she immediately recognized that the clear rock-like substance was narcotics.

Because the circumstances surrounding the seizure of the methamphetamine found in Cox's purse satisfied the requirements of the plain-view doctrine, we conclude that the

---

[3] Cox cites *Arizona v. Hicks*, 480 U.S. 321, 324 (1987), for the proposition that the plain-view doctrine cannot be invoked if an officer has to move or manipulate an object. In that case, the U.S. Supreme Court held that the moving of stereo equipment from the wall to see its serial number constituted a search separate from a search for the shooter, victims, or weapons. This is because no police officer would find a shooter, victims, or weapons behind the stereo that was moved. Here, however, the search of Cox's purse was not separate because an officer could reasonably have found Geller's financial documents inside Cox's purse.

trial court did not abuse its discretion in admitting evidence obtained from searching Cox's purse.

Moreover, because we find that the trial court did not abuse its discretion in denying Cox's motion to suppress, we find that the evidence was sufficient to convict Cox of Class D felony possession of methamphetamine. A person commits Class D felony possession of methamphetamine when she knowingly or intentionally possesses methamphetamine without a prescription. Ind. Code § 35-48-4-6.1. After the substance was found in Cox's purse and she was arrested, Cox admitted to the police that she had methamphetamine in her purse. Additionally, Lieutenant Elam found methamphetamine in the same purse that contained Cox's driver's license. A conviction for possession may be actual or constructive. A person constructively possesses contraband when the person has (1) the capability to maintain dominion and control over the item and (2) the intent to maintain dominion and control over it. *Gray v. State*, 957 N.E.2d 171, 174 (Ind. 2011). Because methamphetamine was found in the same purse that contained Cox's driver's license, the evidence is sufficient to show that Cox possessed the methamphetamine found in her purse. *See Burgin v. State*, 431 N.E.2d 864, 867 (Ind. Ct. App. 1982) (a trial court could reasonably infer that the purse belonged to the defendant when an identification was found in the purse containing the defendant's former name and picture).

Affirmed.

NAJAM, J., and BROWN, J., concur.

8